584 So.2d 47 (1991)
Vernon ASKEGARD, Appellant,
v.
D. Gwen ASKEGARD, Appellee.
No. 90-734.
District Court of Appeal of Florida, First District.
July 11, 1991.
Rehearings Denied August 9, 1991.
*48 Allen W. Lindsay, Jr. of Lindsay, Andrews & Leonard, P.A., Milton, for appellant.
John L. Myrick of Myrick & Davis, P.A., Pensacola, for appellee.
NIMMONS, Judge.
Appellant, the husband, challenges the trial court's "order on remand" and "order upon all pending motions." The order on remand awarded the appellee, the wife, permanent periodic alimony retroactive to the December 4, 1986 final order of dissolution. The order on all pending motions required the husband to secure the alimony by maintaining life insurance coverage on his life in the face amount of $80,000 and naming his wife as beneficiary. The order on all pending motions also required the husband to pay all attorney's fees.
The husband asserts that the trial court erred in:
(1) Awarding the wife retroactive alimony.
(2) Requiring him to secure the alimony award.
(3) Awarding the wife excessive permanent periodic alimony.
(4) Requiring him to pay the wife's attorney's fees on remand.
The parties were previously before this court in Askegard v. Askegard, 524 So.2d 736 (Fla. 1st DCA 1988) (Askegard I). The record shows the parties were married in 1963 and had two children. The marriage was dissolved in 1986. During the marriage the husband was employed as a pilot, eventually becoming a Boeing 727 copilot for T.W.A. The wife raised the family as a homemaker, with the exception of a few years of clerical work during the early years of the marriage. During the period from 1983 to the time of the final hearing, the husband's income fluctuated from $50,000 to over $100,000. The parties accumulated *49 two substantial property assets during the marriage, a $178,000 marital home and a beach duplex with an estimated value of between $175,000 to $215,000. The wife was awarded the marital home, and the husband took possession of the beach duplex.[1]
In Askegard I, this court remanded the case because the record did not support an award of rehabilitative alimony in lieu of permanent periodic alimony and the provision made for the wife was inadequate based on the facts. We directed the trial court on remand to "take such further evidence of the parties' financial circumstances as is necessary to determine the cause and shall make adequate provision for the wife which is within the ability of the husband to pay. The court may revisit any provisions of the judgment necessary for these purposes." Askegard I at 738.
In the order on remand, the court found that the wife's income potential was limited. At the time of the order, she was employed full time as a restaurant supply clerk earning $5.25 per hour. The husband had remarried and was earning $7,127 monthly, an amount substantially higher than the $4,180 gross monthly income he was earning at the time of the original final hearing. The appellant/husband was paying spousal support of $750 per month. He was no longer paying the previously required $250 per child per month child support payments since the youngest child had reached the age of majority. The trial court ordered, based upon the wife's needs and the husband's ability to pay, that the latter pay to the former as permanent periodic alimony the sum of $1,400 per month. The court further found that the wife's needs and husband's ability to pay have been continually present since December 4, 1986, the date of the original final judgment of dissolution. Accordingly, the court required that the above referred $1,400 per month be paid retroactively to December 4, 1986. However, the husband was given credit for all of the $750 monthly rehabilitative alimony or spousal support payments which had already been made to the wife, both during and after the originally provided two-year rehabilitative period. The court further provided that the "retroactive balance" due to the wife must be paid in equal installments over a period of sixty consecutive months.
In the order on all pending motions, the court required the husband to pay security under Chapter 61.08(3), Florida Statutes, with the wife beneficiary to an $80,000 life insurance policy. The court also required the husband to pay all the wife's attorney's fees related to the appeal in Askegard I and her attorney's fees on remand.
Turning to Issue I, we reverse. On the record before us, we have reviewed the current financial circumstances of the parties as the court directed in Askegard I to determine whether the wife is entitled to retroactive alimony. In reviewing any award of alimony, the court assesses the wife's needs and the husband's ability to pay. The appellate court will not disturb the trial court's ruling, absent an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla. 1980). The trial court may award retroactive alimony in an appropriate case. Wright v. Wright, 411 So.2d 1334, 1336 (Fla. 4th DCA 1982).
We agree with the husband that the facts here do not present appropriate circumstances from which to have awarded such alimony. In the case at bar, the wife received the marital home as lump sum alimony in the final judgment. She subsequently sold the home, realizing a profit of over $72,000. She used the proceeds to pay bills and to underwrite an ill-fated film making venture with another partner. The funds which she expended in this investment venture represented approximately half of the sale proceeds from the home which were apparently lost due to the unmarketability of the film. Her decision to sell the marital home and invest the proceeds squandered this portion of the alimony award from which she would have had sufficient resources to support her standard of living. Given these facts, the wife *50 does not exhibit need for a retroactive award of alimony from the judgment to the date of the remand order. See Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA 1988), rev. denied, 531 So.2d 169 (Fla. 1988).
Turning to Issue II, whether the trial court erred in requiring the appellant to secure alimony payments by naming the wife as the beneficiary of his insurance policy, we reverse. As the husband notes, the Askegard I court stated that the remand court could award permanent periodic alimony to appellee, revisiting any provisions of the judgment necessary for these purposes. As the record shows, the remand court did not decide to make the wife the life insurance beneficiary based on the judgment. The court, in fact, stated it was taking this action because Judge Rowley, who handled the case originally and who entered the original dissolution judgment, "presumably did not feel the security afforded by life insurance was necessary." Even if the lower court's reasoning is logical, it goes beyond the plain language which this court issued in Askegard I. Further, the court should have factored in the cost of the life insurance premium to the husband, since it is a voluntary deduction from his paycheck as a T.W.A. copilot.
As to Issue III, the trial court did not err in awarding permanent periodic alimony in the amount specified. The appellant must show the trial court abused its discretion. There is competent and substantial evidence in the record that the appellant/husband has the ability to pay $1,400 in permanent alimony and that the appellee has need of permanent alimony.
Regarding Issue IV, whether the trial court abused its discretion in requiring appellant to pay attorney's fees on remand, we find that the trial court acted properly. To avoid an inequitable dimunition of funds, the trial court was free to award attorney's fees to the appellee, when, as here, the appellant has the ability to pay and the appellee has demonstrated need. See Canakaris, supra, at 1205.
Summarizing, we reverse the trial court's order on remand insofar as it awarded retroactive alimony to the wife and also reverse the order on all pending motions insofar as it required the husband to secure alimony by taking out a life insurance policy naming the wife as the beneficiary. We affirm on the trial court's award of permanent periodic alimony from the October 13, 1989 date of remand and affirm the order requiring the husband to pay all attorney's fees related to the order on remand.
SMITH and ZEHMER, JJ., concur.
NOTES
[1] The parties' financial picture at the time of the original proceeding and the provisions of the ensuing final judgment of dissolution are set forth with more particularity in Askegard I.