618 So.2d 295 (1993)
Betty F. KIRKLAND, Appellant,
v.
Joe Ray KIRKLAND, Appellee.
No. 92-445.
District Court of Appeal of Florida, First District.
April 27, 1993.
Rehearing Denied June 8, 1993.
*296 Nancy Staff Slayden and William J. Haley of Brannon, Brown, Haley, Robinson & Cole, P.A., Lake City, for appellant.
Raymond E. Makowski, Macclenny, for appellee.
JOANOS, Chief Judge.
This case came before the trial court on remand following the appeal in Kirkland v. Kirkland, 568 So.2d 494 (Fla. 1st DCA 1990), wherein this court determined that the trial court abused its discretion in refusing to award permanent periodic alimony, in distributing the appellee's pension plan, and in awarding the appellee exclusive use and possession of the marital home beyond the minor child's age of majority. The trial court held a hearing on the alimony and pension issues at which it took testimony from both parties and from an accountant and the coordinator of personnel of the Columbia County School Board, appellee's employer. In an amended final judgment, the trial court awarded appellant $400 per month as permanent periodic alimony beginning December 1, 1991, and $393.23 per month as her equitable share of the appellee's pension. Appellant's motion for rehearing was denied, as was her motion for attorneys' fees and costs. Appellant raises five issues in this appeal.
Appellant first contends the amount of permanent periodic alimony was too low. The amount of alimony awarded is a matter within the discretion of the trial judge. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). We find the award in this case is supported by the record, and appellant has shown no abuse of discretion.
We do find merit in appellant's contention that the award of alimony should have been made retroactive to the date of the original final judgment. The trial court has the discretion to make an award of alimony retroactive in appropriate cases. Askegard v. Askegard, 584 So.2d 47 (Fla. 1st DCA 1991). Where the record demonstrates that the former wife had the need and the former husband had the continuous ability to pay, it is appropriate for the trial court to award the alimony retroactively. Cf. Reeves v. Reeves, 586 So.2d 1345 (Fla. 1st DCA 1991) (where circumstances justifying an increased child support order existed on the date of the final order, trial court directed to make award retroactive); Perdue v. Perdue, 506 So.2d 72 (Fla. 5th DCA 1987) (increase in alimony should be retroactive to the time the petition for modification was filed as former wife's needs and former husband's ability to pay had been continuously present since that time). This court's opinion in Kirkland v. Kirkland, 568 So.2d 494 (Fla. 1st DCA 1990), makes it clear that the appellant had need of the alimony and the appellee had the ability to pay at least as of the *297 date of the final order of dissolution. Furthermore, there is nothing on the present record to indicate any facts exist that would militate against a retroactive award. Compare Askegard, 584 So.2d at 49 (retroactive alimony not appropriate where former wife subsequent to dissolution order sold the marital home and squandered half the proceeds on ill-fated film venture). We therefore reverse on this issue and remand with instructions that the trial court enter an order making the alimony award retroactive to the date of the final dissolution with the method of payment to be fashioned according to the appellee's ability to pay.
Both parties are unhappy with the trial court's treatment of the pension plan. The appellant argues that the trial court erred in awarding her only 30% instead of half of the pension accumulated during the marriage, and the appellee complains that the court should reserve jurisdiction and distribute the plan when he actually retires. In distributing the plan, the trial court specifically stated that there were insufficient assets to make a present distribution of the pension and it delayed distribution of the pension until the appellee retires. However, the court failed to retain jurisdiction over the amounts to be distributed in the future and failed to account for increases in the appellee's retirement benefit between the date of the dissolution and the date of retirement. See DeLoach v. DeLoach, 590 So.2d 956, 963 (Fla. 1st DCA 1991). As we noted in DeLoach:
Reserving jurisdiction over the future benefits in effecting a subsequent division of the actual monetary benefits [has] the dual advantage of allocating equally between the parties the risk that the rights may never vest [or mature] and enabling the court to better determine the actual proportion of future benefits that accrued to each party during the marriage.
Using this method the nonemployee spouse is permitted to share in the increases in retirement benefits due to post-separation efforts which were built on the foundation of marital effort. Further, this method avoids prolonging the hearing with complicated actuarial evidence and costly expert testimony.
590 So.2d at 965-66 (quoting Seifert v. Seifert, 82 N.C. App. 329, 346 S.E.2d 504, 508-09 (1986) (quote marks and citations omitted), aff'd, 319 N.C. 367, 354 S.E.2d 506 (1987). Although DeLoach involved a nonvested retirement plan, under the facts of this case, we find this reasoning equally applicable to the vested pension plan at issue. We realize that the trial court did not have the benefit of the DeLoach decision when it made its ruling, and thus we remand this issue for reconsideration in light of DeLoach.
In addition, we direct the trial court to revisit the 30% figure. Although a 50/50 split of a marital asset is not required, it is generally the starting point. DeLoach, 590 So.2d at 962. "Inequitable distributions are permissible in the face of such factors as a compensating permanent periodic alimony award, the performance of `extraordinary services over and above the performance of normal marital duties,' or a showing of special equities in the marital property." Ervin v. Ervin, 553 So.2d 230 (Fla. 1st DCA 1989). Thus, while the unequal division of an asset is not per se error, the rationale for an uneven division must be stated by the trial court and supported by the record. Id. at 232. In this case, the trial court has supplied no reason for the unequal division of the asset. On remand, the trial court should either divide the asset evenly or supply its reasons for an unequal division.
Turning to her next issue, appellant argues that the trial court abused its discretion in refusing to grant her motion for attorneys' fees. It appears from the record that both parties testified to their inability to pay attorneys' fees. It is true that the appellee still makes twice the income of the appellant. However, the appellee also assumed the majority of the debts of the marriage, is paying for the daughter's college education, and has custody of the parties' fifteen-year old son. Furthermore, the appellant was just awarded the permanent periodic alimony. Under these circumstances, *298 reasonable persons could agree with the action of the trial court in denying the appellant's motion for attorneys' fees. Accordingly, we would find no abuse of discretion. See Canakaris, 382 So.2d at 1203.
In her final issue, appellant argues that the trial court abused its discretion in denying her motion to tax against the appellee her costs on the previous appeal. Florida Rule of Appellate Procedure 9.400 provides that costs of appeal "shall be taxed in favor of the prevailing party unless the court orders otherwise." Although the appellant did not prevail on every issue at the last appeal, she won the major issues of alimony and pension. She therefore should have been awarded the costs of the appeal. See Overseas Equip. v. Aceros Arquitectonicos, 376 So.2d 475 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1189 (Fla. 1980).
Accordingly, we affirm in part, reverse in part and remand for proceedings consistent with this opinion.
ZEHMER and WEBSTER, JJ., concur.