703 So.2d 451 (1997)
Eldis Raymell BOYETT, Petitioner,
v.
Merle M. BOYETT, Jr., Respondent.
No. 89722.
Supreme Court of Florida.
December 11, 1997.
Rehearing Denied January 26, 1998.
Jed Berman and James W. Kline of Infantino & Berman, Winter Park, for Petitioner
George E. Adams of Adams, Hill, Reis, Adams, Hall & Schieffelin, Orlando, for Respondent.
WELLS, Justice.
We have for review Boyett v. Boyett, 683 So.2d 1140 (Fla. 5th DCA 1996), which certified conflict with Kirkland v. Kirkland, 618 So.2d 295 (Fla. 1st DCA 1993), and DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Eldis (petitioner) and Merle (respondent) Boyett were married on August 20, 1960. On June 3, 1993, respondent, the ex-husband, filed a petition for dissolution of marriage. At the time of the filing, respondent had been employed with the Orlando Utilities Commission (OUC) for approximately thirty-six years and had a vested and mature interest[1] in an OUC defined benefits retirement plan, with a retirement date of September 1, 2001, his sixty-second birthday. Under the terms of the plan, upon retirement he would receive annual benefits equal to seventy-five percent of the average of his three highest annual salaries.[2]
Based on evidence adduced at trial, the court found that respondent would be entitled to $2,860.86 per month on the date of dissolution, assuming he had retired and reached age sixty-two at that time. However, due to a penalty of two percent per year for early retirement, if he actually retired and drew on the benefits on the date of dissolution (prior to age sixty-two), he would have been entitled only to a monthly payout of $2,388.82. Following the deferred distribution method approved for retirement benefits in DeLoach and Kirkland, the trial court distributed the plan as follows:

*452 1. Benefits accrued as of June 1, 1993 will be distributed 50% to wife and 50% to husband upon husband's retirement; and
2. Benefits accruing after June 1, 1993 will be distributed to wife under the following formula and the remainder to husband: 50% X (360 divided by [360 / number of months from June 1, 1993 to date of retirement]).
The court also awarded [petitioner] $1,200 per month in permanent alimony, citing the factors listed in subsection 61.08(2), Florida Statutes (1993). Further, it required [respondent] to contribute $10,000 of [petitioner's] $15,000 attorney's fees and, citing [respondent's] superior earning ability, ordered him to pay 75 percent of the parties' Sears and appraisal debts.
Boyett, 683 So.2d at 1142.
On appeal, the Fifth District agreed with respondent's argument that "the approach taken in DeLoach unfairly compensates [petitioner] for [respondent's] efforts and labor following the dissolution." Id. at 1143. The district court then reversed paragraph two of the distribution, holding that "the valuation of a retirement plan should exclude any contributions made after the original final judgment of dissolution." Id. (quoting Bain v. Bain, 553 So.2d 1389, 1391 (Fla. 5th DCA 1990)). The district court noted that its decision was in conflict with the First District's decisions in Kirkland and DeLoach and certified conflict to this Court.
DeLoach involved the issue of the proper distribution of a nonvested military pension plan. The First District expressed concern about the complexities involved in reducing a nonvested pension plan to present value due to the numerous contingencies that may affect vesting. Therefore, the court adopted the deferred distribution method of allocating interest in nonvested pension plans at the time the employee spouse retires, reasoning that deferring distribution until benefits are actually paid "divides equally the risk that the pension will fail to vest." DeLoach, 590 So.2d at 963 (quoting In re Marriage of Brown, 15 Cal.3d 838, 126 Cal.Rptr. 633, 639, 544 P.2d 561, 567 (1976)). The approach taken in DeLoach requires: (1) the trial court must retain jurisdiction over the case until the employee spouse retires or begins to draw on pension benefits; (2) then, at such a time, the trial court must allocate the amount paid based on a fraction that takes into account the total period of the employee spouse's participation in the pension plan; and (3) in making the award, the trial court must account for increases in the employee spouse's retirement benefits that accrue between the date of dissolution and the date of retirement. DeLoach, 590 So.2d at 963. In Kirkland, the First District extended the DeLoach reasoning to vested plans, finding that it was "equally applicable to the vested pension plan at issue." Kirkland, 618 So.2d at 297.
We approve the holding of the Fifth District in this case that the valuation of a vested retirement plan is not to include any contributions made after the original judgment of dissolution. We believe that this gives effect to the statutory definition of marital assets in section 61.075(5)(a), Florida Statutes (1993),[3] and to section 61.076(1), Florida Statutes (1993).[4] Likewise, we approve Bain v. Bain, 553 So.2d 1389, 1391 (Fla. 5th DCA 1990), and Howerton v. Howerton, 491 So.2d 614, 615 (Fla. 5th DCA 1986). We disapprove DeLoach and Kirkland to the extent they conflict with this holding.
*453 We do recognize the validity of petitioner's argument that it is inequitable to value the retirement plan as of the date of dissolution based upon the fiction that respondent retired on that date when in reality a valuation on that date includes a penalty of two percent per year until he reaches age sixty-two. We agree with Judge Harris that it is more equitable for the valuation to be made excluding any penalty for early retirement. Respondent's counsel conceded the logic and fairness of this at oral argument. Furthermore, this is in accord with the reasoning of the Second District in Trant v. Trant, 545 So.2d 428 (Fla. 2d DCA), review denied, 551 So.2d 464 (Fla.1989), with respect to deferred distribution. By valuing the retirement plan without penalty, the valuation recognizes that both parties are entitled to share in the benefits that have accrued during the marriage but which cannot be presently received without penalty. Both parties also get the benefit of the growth of that value simply because the payments are not received beginning at the time of dissolution. Of course, as both Judge Harris and the Trant decision observed, this issue is avoided if payment of the retirement asset is made at the time of dissolution either by lump-sum payment of the present value or by the beginning of periodic retirement plan payments.
We find that, for this case, the proper valuation to be the present value without penalty for early retirement because of the deferred distribution. However, as we did in Diffenderfer v. Diffenderfer, 491 So.2d 265, 269 (Fla.1986), we again state, "No recitation of formulae, considered in the abstract, could capture the variety of considerations necessary in order to do equity." Valuation of retirement benefits is fact-intensive and varies depending upon the plan, and the trial judge must determine the equitable valuation with the limitation being the valuation is not to include post-marriage contributions.
Therefore, we approve the decision of the district court on the issue in conflict. However, we remand for proper valuation of the retirement benefits in conformity with this decision.
It is so ordered.
OVERTON, SHAW and HARDING, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., dissents with an opinion, in which KOGAN, C.J., concurs.
ANSTEAD, Justice, dissenting.
I agree with and would adopt Judge Griffin's opinion in the district court. As the majority opinion itself notes, we have already held in Diffenderfer that "[n]o recitation of formulae, considered in the abstract, could capture the variety of considerations necessary in order to do equity." As demonstrated in Judge Griffin's opinion, the trial court here should not be second-guessed for attempting to follow our holding in Diffenderfer by balancing the competing concerns of entitlement and the indefinite deferment of that entitlement under the particular facts of this case.
KOGAN, C.J., concurs.
NOTES
[1] We previously have defined these terms as follows: a "vested interest" is one which cannot be forfeited even if employment terminates before retirement; a "mature interest" means the employee has an unconditional right to immediate payment upon retirement. Diffenderfer v. Diffenderfer, 491 So.2d 265, 266 (Fla.1986).
[2] Because respondent's interest was fully vested as of the date of dissolution, the only increase in the value of the pension between the date of dissolution and the date of retirement would come from an increase in respondent's salary.
[3] Section 61.075(5)(a), Florida Statutes (1993), provides in relevant part that marital assets and liabilities include:

1. Assets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them.
(Emphasis added.)
[4] Section 61.076(1), Florida Statutes (1993), regarding the distribution of retirement plans provides:

All vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs are marital assets subject to equitable distribution.
(Emphasis added.)