PER CURIAM.
This is an appeal from a final judgment dissolving the Sadds’ sixteen-year marriage, making an equitable distribution of their property, providing for shared parental responsibility of the parties’ two minor children and awarding the former wife child support and permanent alimony. We find that the husband’s arguments regarding the trial court’s child support determination have merit and reverse on these two points. We affirm the final judgment in all other respects.
The former husband challenges the trial court’s award of $1,000 per month permanent alimony to the former wife. The former wife contends that the court erred in not making her alimony award retroactive to the date she filed her petition for dissolution. We reject each of these points because we find that the trial court did not abuse its discretion in either instance. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Askegard v. Askegard, 584 So.2d 47 (Fla. 1st DCA 1991).
The former husband also argues the trial court erred in calculating the amount of child support for which he is liable by failing to account for his alimony payment in determining the respective net incomes of the parties. *286 Moreover, he points out that the final judgment fails to stipulate the amount of child support payable once the older child attains age eighteen. He is correct in these contentions.
Accordingly, we remand to the trial court with directions to amend the final judgment by (1) recalculating the child support obligation as provided for in section 61.30(2)(a)(9), Florida Statutes (1997), to reflect the respective income of the parties in light of the alimony obligation; and (2) stipulating the amount of child support payable after the older child attains age eighteen.
CAMPBELL, A.C.J., QUINCE, J., and SCHEB, JOHN M., Senior Judge, concur.