770 So.2d 304 (2000)
Donald Kenneth GANZEL, Appellant,
v.
Annie Jean GANZEL, Appellee.
No. 4D99-4229.
District Court of Appeal of Florida, Fourth District.
November 8, 2000.
Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, for appellant.
Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee.
PER CURIAM.
The Appellant ("Former Husband") appeals the trial court's order denying his petition for modification. The Former Husband argues the trial court erred in denying his petition because the parties' settlement agreement does not permit Deferred Retirement Option Program ("DROP") benefits to accrue in favor of the Appellee ("Former Wife") at the same time she is receiving alimony. We disagree and affirm.
*305 The parties' marriage was dissolved in 1991. Incorporated into the judgment of dissolution was the parties' settlement agreement. In pertinent part, the settlement agreement provided the following:
ARTICLE II
DISTRIBUTION OF ASSETS AND LIABILITIES
G. Husband's Florida Retirementas an employee of the Palm Beach County Sheriff's Office, the husband has a pension interest in the Florida Retirement System. The parties agree that the wife shall receive 50% of all benefits that have accrued from November 13, 1971 to July 10, 1991 (date of marriage through date of filing petition of dissolution) to be payable to the wife pursuant to a Qualified Domestic Relations Order. The parties agree to cooperate with the Division of Retirement in order to determine the dollar value of those benefits.

ARTICLE III

Alimony
The husband is sixty years old and will be eligible for retirement at age 62. The wife will receive her interest in the Florida Retirement System Plan upon his retirement. The husband agrees to pay and the wife agrees to accept as and for alimony to the wife the sum of $500.00 per month commencing January 1, 1992 until such time as the wife dies or remarries, the husband dies or the wife becomes eligible for her interest in the Florida Retirement System Plan, whichever shall first occur. (emphasis added.) Pursuant to the settlement agreement, the trial court entered a Qualified Domestic Relations Order ("QDRO"), which provided,
Beginning with the first monthly retirement benefit payment actually made to the Participant, DONALD KENNETH GANZEL, ... the sum of Seven Hundred Eighty Two and 79/100 ($782.79) Dollars will be deducted therefrom, and from each monthly benefit payment there-after, and will be paid to the Alternate Payee, ANNIE JANE GANZEL... as a deduction.... The Alternate Payee's monthly deduction payments shall be payable to her commencing on the date monthly retirement actually commences being paid to the Participant under the Florida Retirement System.
Although the Former Husband was eligible to retire at age 62, he continued to work. In 1998, the DROP came into existence. The DROP is a voluntary retirement program, in which a Florida state employee can elect to work and earn a salary for up to five years past normal retirement age while the retirement benefits that would have been paid had the employee retired accrue in a fund and earn interest. See § 121.091(13), Fla. Stat. (1999). When employment terminates, the employee will receive the DROP benefits in addition to the employee's normal retirement benefits. See id. In response to the Former Husband's voluntary election to participate in the DROP, whereby he would continue to work and defer retirement benefits, the Florida Division of Retirement sent the Former Husband a letter informing him that pursuant to the QDRO, the Former Wife was qualified for a portion of the DROP benefits, and therefore, $782.79 per month would be withheld from the funds deposited into the DROP account. This prompted the Former Husband to file his petition for modification, which essentially argued the Former Wife was not entitled to receive alimony and retirement benefits at the same time. The trial court denied the petition, and we affirm.
The parties' settlement agreement, coupled with the QDRO, provided that the Former Wife had a 50% interest in the Former Husband's Florida Retirement System Plan. These documents also provided that the Former Wife's 50% interest equaled the sum of $782.79 per month payable to her "commencing on the date monthly retirement actually commences *306 being paid to the Participant under the Florida Retirement System." The Former Husband concedes that the funds deposited into DROP are retirement benefits benefits that would have been paid each month to the Former Husband and Former Wife had the Former Husband not elected to participate in DROP and had instead simply retired.
Once the judgment of dissolution, which incorporated the settlement agreement, was entered, marital property rights no longer existed and only individual property rights remained. See, e.g., DeSantis v. DeSantis, 714 So.2d 637 (Fla. 4th DCA 1998). Therefore, once the judgment of dissolution was entered, $782.79 of the Former Husband's retirement benefits payable each month became the Former Wife's property. See, e.g., Joyce v. Joyce, 563 So.2d 1126, 1127 (Fla. 1st DCA 1990) (stating that "pure property settlement agreements are nonmodifiable absent consent of the parties").
In this case, each party's interest in the Florida Retirement benefits are being paid into a fund and earning interest. Pursuant to the judgment of dissolution, the $782.79 is the Former Wife's individual property to which the Former Husband has no claim. Moreover, as long as the Former Husband is employed he must continue to pay alimony pursuant to the terms of the settlement agreement. Accordingly, we affirm the trial court's order denying the petition for modification.
AFFIRMED.
GUNTHER, STONE and POLEN, JJ., concur.