930 So.2d 711 (2006)
Richard A. NIX, Appellant,
v.
Brenda W. NIX, Appellee.
No. 1D04-4766.
District Court of Appeal of Florida, First District.
May 3, 2006.
Rehearing Denied June 7, 2006.
*712 Laura E. Keene and Ross A. Keene of Beroset & Keene, Pensacola, for Appellant.
Phillip S. Howell, Galloway, Johnson, Tompkins, Burr & Smith, Gulf Breeze, for Appellee.
ALLEN, J.
The appellant former husband challenges a post-dissolution domestic relations order by which the trial court ordered, in accordance with the pre-judgment stipulation of the parties which was incorporated into the final judgment of dissolution, that the appellee former wife's share of the appellant's defined-benefit State of Florida monthly retirement benefits would be determined pursuant to a specified formula upon commencement of monthly retirement benefit payments. The appellant also challenges the trial court's further order that should the appellant elect to participate in the State of Florida Deferred Retirement Option Plan (DROP), the appellee will be entitled to share in the DROP proceeds because these are retirement benefits. The order additionally directs that the appellee's share of any DROP proceeds, including interest accumulations and cost of living adjustments applicable to her share, should be deposited into a separate account for her benefit and made payable to her upon the appellant's termination of employment. Because valuing the appellee's share of the former appellant's monthly retirement benefits as of the date that retirement benefits begin to be paid is consistent with the formula to which the parties agreed prior to entry of the final judgment of dissolution, and because the trial court correctly recognized and properly effected the appellee's right to equitably share in any DROP proceeds, we affirm the order under review.
The parties' pre-dissolution stipulation was entered into after twenty-seven years and seven months of marriage, with the appellant having been a participant in the *713 State of Florida retirement system throughout this period. The stipulation reflected the parties' agreement that the appellee's share of the appellant's monthly retirement benefits would be determined in accordance with a specified formula upon commencement of payment of retirement benefits by the State of Florida.
The final judgment of dissolution incorporated the parties' stipulation by ordering that the appellee's share of the appellant's retirement benefits would be determined in accordance with this previously agreed-upon formula. The parties' stipulation and the final judgment of dissolution express the formula as follows:
 1 × 27 years and 7 months × MONTHLY PYMNT.
 - ____________________________
 2 Number of years of Husband's
 Employment
The appellant acknowledges in his initial brief on appeal that this formula precisely reflects the "deferred-distribution method" formula explained in considerable detail in DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991), under which the equitable division of retirement benefits is determined when the employer commences payment of retirement benefits. Notwithstanding his admission on this point, however, the appellant argues that the trial court actually intended to determine the appellee's share of the appellant's retirement benefits as of the date on which the petition for dissolution was filed. But a plain reading of the final judgment of dissolution and the accompanying order refutes this contention. Although the trial court identified the date of the filing of the petition for dissolution as the date used to determine the "value of the parties' assets," the court did so only after it had already directed in the preceding paragraph that the appellee's share of the retirement benefit payments would be determined in accordance with the stipulated DeLoach formula. The trial court obviously established the valuation date only to facilitate the subsequent distribution of a variety of assets that were the subject of litigation (not stipulation) between the parties. Nowhere in the final judgment of dissolution or in the accompanying order did the court state that retirement benefits were to be valued on a particular date. Moreover, the very phrasing of the agreed-upon distribution formula confirms that it was intended to be applied only upon receipt of monthly retirement benefit payments. This is made obvious by the formula's specific incorporation of the appellant's then-unknown monthly retirement benefit payment as a factor in its computation.
Relying upon Boyett v. Boyett, 703 So.2d 451 (Fla.1997), the appellant argues that delaying determination of the appellee's share of the appellant's retirement benefits until the payment of retirement benefits begins is inconsistent with Florida law because such delay results in an award to the appellee of retirement benefits which accrue after the dissolution of marriage. But neither Boyett nor any other applicable authority prevents parties to a dissolution action from agreeing that the determination of the parties' respective shares of retirement proceeds will be made pursuant to an agreed-upon formula to be applied once disbursement of retirement proceeds begins.
Even if the methodology applied in Boyett in connection with a contested division of retirement benefits were applicable in the context of a stipulated division, the circumstances involved in Boyett are materially distinguishable from those in the *714 present case. As the supreme court observed in Boyett, valuation of a spouse's interest in a retirement plan is fact-intensive and varies in accordance with the particular circumstances involved. Accordingly, "[n]o recitation of formulae, considered in the abstract, could capture the variety of considerations necessary in order to do equity." Boyett, 703 So.2d at 453 (quoting Diffenderfer v. Diffenderfer, 491 So.2d 265, 269 (Fla.1986)). The most significant distinction between the circumstances in Boyett and those in the present case is that the former husband in Boyett would have been subject to a substantial early retirement penalty had he retired at the time of dissolution, while the appellant in the present case was eligible to retire at the time of dissolution without any early retirement penalty due to the fact that he had by then already accrued more than twenty-five years of creditable service in the Special Risk Class of the Florida Retirement System. The early retirement penalty was a critical consideration in the supreme court's decision in Boyett, and its absence in the present case would make the Boyett approach inequitable here.
In accordance with our decision in Pullo v. Pullo, 926 So.2d 448 (Fla. 1st DCA 2006), we reject the appellant's challenge to the trial court's determination that the appellee will be entitled to an equitable share in any DROP proceeds, with the appellee's share including interest accumulations and cost of living adjustments to her share.[1] As we did in Pullo, we certify the following question to the Supreme Court of Florida as a question of great public importance:
IS A SPOUSE WHO IS AWARDED A PORTION OF THE OTHER SPOUSE'S PENSION AT THE TIME OF DISSOLUTION ENTITLED TO SHARE IN A DROP ACCOUNT CREATED, INCLUDING INTEREST AND COLAS, SOMETIME AFTER THE DISSOLUTION HAS BECOME FINAL?
The order under review is affirmed.
POLSTON, J., concurs; ERVIN, J., dissents with opinion.
ERVIN, J., dissenting.
I respectfully dissent as to both issues addressed by the majority. Turning first to the point raised by appellant asserting that the lower court improperly awarded the former wife a share in any future interest of the former husband in the deferred retirement option plan (DROP), I would not decide the issue on the merits, because the contingency referred to by the trial court in its qualified domestic relations order (QDRO) never occurred: the former husband's participation in DROP. At the time the QDRO was entered, Mr. Nix had not been given the choice by his employer, the Escambia County Sheriff's Department, to participate in the State of Florida's DROP. The lower court's reference to the husband's future participation in DROP was included in the QDRO on the assumption of his eligibility for same if he were successful in his candidacy for the position for Escambia County Supervisor of Elections. The parties, however, conceded that Mr. Nix did not prevail; as a consequence, this is not a justiciable issue that is now ripe for decision. I would therefore dismiss the appeal without prejudice to Mr. Nix's right to challenge this portion of the order if his eligibility to participate in DROP ever occurs. Cf. *715 Shuck v. Bank of Am., N.A., 862 So.2d 20 (Fla. 2d DCA 2003).
As to the question whether the trial court used an improper valuation date for determining the former wife's interest in the husband's state retirement plan, I would reverse. The majority concludes that a plain reading of the final judgment and the order accompanying it refutes appellant's contention that the trial court intended to determine the former wife's share of the husband's retirement benefits as of the date the petition for dissolution was filed, rather than as of the time of the husband's retirement. My reading of the pertinent language in the final judgment and the order of findings fails to show any such clearly stated intent.
Immediately following the paragraph in the lower court's order of findings which sets out the parties' stipulated formula for distribution of the husband's retirement benefits (recited at page three of the majority's opinion), the order states: "The court has used a valuation date of October 15, 1998, the date the petition was filed, or as close as possible thereto in determining the value of the parties' assets." No other explicitly stated date for the valuation of any marital asset appears in either the final judgment or the order entered contemporaneously with it. It reasonably appears from the court's findings that the valuation date recited therein applies to all marital assets without distinction. Nowhere in the record can I find any support for the majority's interpretation of the above rulings that one date applies to the valuation of the retirement benefit (the time monthly retirement benefits commenced) and another to the valuation of the remaining assets in dispute (the date the petition for dissolution of marriage was filed).
More than four years after the entry of the final judgment and the order of findings, the amended QDRO, which is the subject of the present appeal, was entered, this time by a different judge from the one who had entered the earlier orders. The QDRO awarded the wife a reduction from each monthly benefit payable to the husband from the plan that would accrue to the husband as of the time of his retirement, which had not then occurred.
As the majority correctly notes, no authority prevents the parties to a dissolution proceeding from stipulating that the distribution of a party's retirement benefits cannot be made pursuant to an agreed-upon formula. In my opinion, if the parties made any agreement as to the date for an evaluation of their marital assets, it was the date referred to by the court in its order of findings, October 15, 1998,[2] or, if no accord was reached, the valuation occurred by operation of law at the time the judgment of dissolution was entered, April 26, 2000. If the valuation date of October 15, 1998, was neither a clear expression of the parties' intent, nor a finding by the lower court as the time all the parties' marital assets were to be evaluated, the only other date that could have been reasonably contemplated was the date of the final judgment.
In this regard, I note that the majority refers to DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991), disapproved in part, Boyett v. Boyett, 703 So.2d 451 (Fla. 1997), in which this court adopted the deferred-distribution method of allocating a *716 non-employee spouse's interest in a nonvested pension plan at the time an employee spouse retires. In Boyett, the supreme court later disapproved that part of DeLoach which directed the trial court to distribute proportionately to the non-employee spouse all increases in the employee spouse's retirement benefits that had accrued between the date of dissolution and the date of the latter's retirement. Id. at 452.
The majority's opinion states the formula agreed to by the parties below "precisely reflects" that approved by this court in DeLoach. Ante at 3. If such is the case, the parties, at the time they made their stipulation, should be presumed to have been aware of the Boyett caveat to the DeLoach decision, instructing that the trial court's determination of "equitable valuation... is not to include post-marriage contributions." Boyett, 703 So.2d at 453. The formula employed by the parties, including the numerator component, i.e., the length of time the husband worked for the employer until the date the petition was filed, divided by the number of years worked by the husband for the employer before retirement, times a monthly payment to be made at some unspecified time, hardly has the clarity of intent attributed to it by the majority. Under the circumstances, the case should be remanded to the trial court with directions for the lower court to revise the QDRO by evaluating the retirement benefit either as of the date the petition was filed or, if no clearly stated intent for same can be determined, as of the date of the final judgment.
NOTES
[1] We reject any contention that this issue, raised and argued on its merits, both below and on appeal, is moot.
[2] The numerator portion of the stipulated formula, the length of time the former husband worked for the employer during the marriage, i.e., 27 years and seven months, ended as of the date the petition for dissolution was filed, October 15, 1998, thereby adding support to the former husband's argument that the order of findings fixed the valuation date for all of the parties' assets, including the retirement benefit.