935 So.2d 54 (2006)
Cynthia Marie WILLIAMS, Appellant,
v.
Alphonso WILLIAMS, Sr., Appellee.
No. 1D05-2389.
District Court of Appeal of Florida, First District.
July 31, 2006.
*55 Glorimil R. Walker, of Three Rivers Legal Services, Inc., Gainesville, for Appellant.
No appearance, for Appellee.
BROWNING, J.
Cynthia Marie Williams, the former wife, appeals one part of the April 2005 final judgment that dissolved her 32-year marriage to the appellee, Alphonso Williams, Sr. Specifically, the former wife challenges the following ruling by the trial court in Paragraph "E" of the final judgment:
The Husband became eligible to receive retirement benefits July 1, 2003 and enrolled in the 60 month State Deferred Retirement Option Program (DROP). The Wife is not entitled to any of the Husband's DROP benefits. The Husband's DROP benefits are non-marital.
The parties were married on July 25, 1972. Competent, substantial evidence demonstrates that the former husband became eligible to receive retirement benefits on July 1, 2003, and enrolled in the 60-month DROP plan. We have de novo review of the trial court's ultimate conclusion of law that the former husband's DROP benefits are a non-marital asset and, therefore, are not subject to equitable distribution.
After the trial court issued the final judgment of dissolution of marriage in the case at bar, we issued Pullo v. Pullo, 926 So.2d 448, 451-52 (Fla. 1st DCA) (en banc), review dismissed, 933 So.2d 1154 (Fla.2006), which compels reversal of that part of the final judgment designating the former husband's DROP benefits as a non-marital asset not subject to equitable distribution. See Nix v. Nix, 930 So.2d 711 (Fla. 1st DCA 2006); Russell v. Russell, 922 So.2d 1097, 1099 (Fla. 4th DCA 2006). Accordingly, we AFFIRM that portion of the final judgment dissolving the parties' marriage, REVERSE the ruling in Paragraph "E" of the final judgment, and REMAND for further proceedings in accordance with Pullo and Nix.
WOLF and VAN NORTWICK, JJ., concur.