967 So.2d 392 (2007)
Robin ARNOLD, former wife, Appellant,
v.
Edward S. ARNOLD, former husband, Appellee.
No. 1D06-5275.
District Court of Appeal of Florida, First District.
October 19, 2007.
Ross A. Keene of Beroset & Keene, Pensacola, for Appellant.
Gregory D. Smith of Gregory D. Smith, P.A., Pensacola, for Appellee.
BENTON, J.
Robin Arnold appeals a supplemental final judgment of dissolution of marriage, asserting as error its failure to consider any part of Edward Arnold's deferred retirement option program (DROP) account in effecting equitable distribution. We reverse and remand for equitable distribution of all marital assets, including a portion of the DROP account.
Mrs. Arnold argued below and asserts on appeal that the portion of the DROP account attributable to Mr. Arnold's employment during their marriageuntil he filed for dissolution on November 7, 2001is a marital asset which should have been distributed equitably. (The DROP account had accrued $95,146.43 as of September 30, 2004.) Employed by the City of Pensacola Fire Department since November 7, 1977, Mr. Arnold *393 was working there when the parties married on February 22, 1990, and continued to work for the City as long as the marriage lasted. After he filed the petition for dissolution, he enrolled in the DROP program on or about May 27, 2002.
Section 61.075(1), Florida Statutes (2006), provides that, "in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution." Marital assets are defined by statute to include "[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs." § 61.075(5)(a)(4.), Fla. Stat. (2006) (emphasis supplied).
Subsequent to the trial court's ruling below, we decided two cases making clear that benefits giving rise to rights in a DROP account could "accrue[ ] during the marriage," within the meaning of the statute, and therefore constitute marital assets, even though funds were not deposited in the DROP account until later. See Nix v. Nix, 930 So.2d 711, 712 (Fla. 1st DCA 2006), review dismissed, 959 So.2d 209 (Fla.2007); Pullo v. Pullo, 926 So.2d 448, 450 (Fla. 1st DCA 2006). Although it is without precedential significance, we note that the supreme court refrained from disturbing the ruling in Nix. See 959 So.2d 209. See also Russell v. Russell, 922 So.2d 1097 (Fla. 4th DCA 2006); Swanson v. Swanson, 869 So.2d 735 (Fla. 4th DCA 2004); Ganzel v. Ganzel, 770 So.2d 304 (Fla. 4th DCA 2000).
Allocating DROP accounts between former spouses is closely analogous to the "deferred division of benefits on a fixed percentage basis" approach used for pensions, which was discussed with approval in DeLoach v. DeLoach, 590 So.2d 956, 965 (Fla. 1st DCA 1991), disapproved on other grounds, Boyett v. Boyett, 703 So.2d 451 (Fla.1997). In DROP cases, the "deferred division of benefits on a fixed percentage basis," DeLoach, 590 So.2d at 965, includes all associated interest and cost of living adjustments. See Nix, 930 So.2d at 712; Pullo, 926 So.2d at 450-51.
For purposes of equitable distribution, each spouse has an interest in all retirement, annuity and deferred compensation benefits, including DROP accountsor portions thereofto which either spouse earns the right during the marriage. Such benefits are marital assets under section 61.075(5)(a), Florida Statutes (2006).
Reversed and remanded.
BROWNING, C.J., and BARFIELD, J., concur.