PER CURIAM.
Bridgid Johnson challenges the trial court’s final judgment enforcing the parties’ 1995 Consent Final Judgment dissolving their marriage, arguing that the court impermissibly deviated from the parties’ agreement in regard to the calculation of the former wife’s portion of the former husband’s military retirement benefits. Specifically, the former wife challenges the trial court’s reliance on Boyett v. Boyett, 703 So.2d 451 (Fla.1997), to support its conclusion that the former wife was not entitled to the benefit of the former husband’s increase in military pay after the date of dissolution. The former husband concedes error, but urges remand for the trial court to take additional evidence to clarify the parties’ intent. We agree with the parties that the trial court erred, but remand only for the trial court to comply with the unambiguous terms of the Consent Final Judgment.
The trial court’s reliance on Boyett was misplaced. Boyett involved a trial court’s determination of entitlement to retirement benefits as part of the court’s distribution of the parties’ assets in the absence of a marital settlement agreement. Because the parties here had entered into an agreement, this case is controlled by Nix v. Nix, 930 So.2d 711, 713 (Fla. 1st DCA 2006). In Nix, the parties had agreed to a distribution formula for retirement benefits which is almost identical to the formula agreed upon and incorporated in the Consent Final Judgment in this case. There, this court distinguished Boyett on the basis of the parties’ agreement, holding that “neither Boyett nor any other applicable authority prevents parties to a dissolution action from agreeing that the determination of the parties’ respective shares of retirement proceeds will be made pursuant to an agreed-upon formula to be applied once disbursement of retirement proceeds begins.”
The Consent Final Judgment here reserved jurisdiction for the court to enter a separate order when the former husband retired from the Navy to set forth the amount of benefits to which the former wife was entitled. The amount was to be calculated with the following formula set forth in the agreement:
[[Image here]]
The terms of the Consent Final Judgment were unambiguous. All that was left for the trial court to do was determine the former husband’s total number of years of military service to complete the fraction, and then perform the mathematical calculation. The trial court erred by failing to do so.
Accordingly, we REVERSE and REMAND for the trial court to enforce the former wife’s entitlement to the former husband’s military pension as required by the express terms of the parties’ agree *139 ment set forth in the Consent Final Judgment.
BENTON, CLARK, and ROWE, JJ., concur.