DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID HOWELL STOREY,**
Appellant,

v.

**DELFINA P. STOREY,**
Appellee.

No. 4D15-2086

[June 1, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 501995DR000731XXXXMB.

Nancy A. Hass of Nancy A. Hass, P.A., Hollywood, for appellant.

Sue-Ellen Kenny and Scott D. Glassman of Law Office of Scott Glassman, P.A., West Palm Beach, for appellee.

DAMOORGIAN, J.

David Storey ("Former Husband") appeals from an order denying his motion for relief from judgment. In his motion, Former Husband argued that appellee, Delfina Storey ("Former Wife"), was receiving a greater monthly benefit from his pension than she was entitled to under the terms of the parties' martial settlement agreement (MSA) and controlling law. We reverse and remand for entry of an amended qualified domestic relations order ("QDRO")[1] consistent with this opinion.

The parties divorced in 1995. They resolved the relevant issues in their divorce by entering into a MSA which was incorporated into the final

---

[1] "A QDRO is, in pertinent part, a 'domestic relations order . . . which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan.'" *DeSantis v. DeSantis*, 714 So. 2d 637, 638 (Fla. 4th DCA 1998) (quoting 29 U.S.C. § 1056(d)(3)(B)(i)). Its purpose is "to protect one spouse's right to the other's pension or profit sharing plans by recognizing that spouse's entitlement to a portion of the future payments." *Id.*

judgment of dissolution of marriage.[2]  One of the issues that the MSA resolved was Former Wife's right to a portion of Former Husband's pension with the federal civil service retirement system.  It provided:

> The Petitioner/Wife is entitled to 50% of the value of the Respondent/Husband's pension benefits accumulated through November 1994.  <u>All accumulations after November, 1994, belong to the Respondent/Husband</u>.  The parties agree to submit for execution a Qualified ERISA Section 206(d) Internal Revenue Code Section 414(p).  The Order will then be submitted to the Federal Employees Pension Plan Administrator and if determined by the administrator that said plan is incomplete or in need of modification, the Order shall be adjusted as needed to accomplish this transfer and an amended Order submitted for execution by the Court without need of allegation or proof of any change of circumstances.

(emphasis added).

Pursuant to the terms of the MSA, Former Wife sought a QDRO to ensure that she would receive her share of Former Husband's pension when Former Husband retired.  The trial court entered a QDRO, which was later amended.  Paragraph 4 of the amended QDRO provided:

> Delfina P. Storey will receive 50% of all benefits payable to David Howell Storey inclusive of death benefits which were accumulated through November 30, 1994.  The benefits payable to the Alternate Payee [Former Wife] will commence when the Participant begins to receive benefits under the Plan.

Shortly after Former Husband retired, he filed a motion for relief from judgment seeking an amended QDRO.  In his motion, Former Husband argued that contrary to the provisions of the MSA, the pension plan administrator incorrectly calculated Former Wife's monthly benefit by including salary and cost-of-living increases Former Husband received after November 1994.  Moreover, Former Wife also was awarded survivor benefits, which were not mentioned in the MSA.

At the hearing on his motion, Former Husband presented expert testimony from a financial analyst.  The analyst testified that contrary to

---

[2] The court also retained jurisdiction to enforce or modify the MSA.

the express terms of the MSA, the pension plan administrator provided Former Wife with a pro rata share which included post-dissolution increases in cost-of-living and salary. By his calculations, the total monthly benefit that accrued during the parties' marriage was $1,206.97 per month. Therefore, the analyst opined that Former Wife's share of the total benefit should be $603.49 rather than the $1,412.58 she was receiving. Conversely, Former Wife's expert opined that it was proper for Former Wife to receive pension benefits based on salary and other increases Former Husband earned after the dissolution of the parties' marriage. She conceded, however, that inclusion of survivor benefits was contrary to the MSA.

The court denied Former Husband's motion. In so doing, the court ruled that it was compelled to apply the holding in *DeLoach v. DeLoach*, 590 So. 2d 956, 963 (Fla. 1st DCA 1992), which it believed to be the controlling law at the time the original MSA was drafted. The court in *DeLoach* adopted a rule allowing a non-participating spouse to benefit from increases in the participating spouse's pension post-dissolution until the date the participating spouse retires. *Id.* This appeal follows.

The trial court's interpretation of the MSA and applicable law are reviewed *de novo*. *Kipp v. Kipp*, 844 So. 2d 691, 693 (Fla. 4th DCA 2003).

The issue before us is whether Former Wife is entitled to benefit from salary and cost-of-living increases to Former Husband's pension accumulating after the date the petition for dissolution was filed. Additionally, we must decide whether Former Wife is entitled to survivor benefits when the MSA made no mention of them. The MSA's unambiguous language leads us to conclude that the parties expressly excluded any salary and cost of living increases Former Husband received after November 1994—the date the complaint for dissolution was filed— from the Former Wife's pension benefit calculation. The MSA also made no provision at all for survivor benefits, which equally leads us to conclude that the parties did not intend to include such benefits.

We likewise reject the trial court's conclusion that *DeLoach* was the controlling law at the time the MSA was drafted and the final judgment was entered. Indeed, *DeLoach* was not the only case the trial court could have considered at that time. The court should have considered, for example, *Reynolds v. Reynolds*, 615 So. 2d 243, 244 (Fla. 3d DCA 1993), wherein the third district reversed an order distributing marital assets because it included post-dissolution income in calculating the husband's pension plan. Further, the court should have looked to the statutory provisions of sections 61.075(5)(a) (defining "marital assets") and 61.076(1)

(outlining the distribution of retirement plans upon dissolution of a marriage) to reach the correct ruling that the amended QDRO was not in compliance with the MSA and final judgment. §§ 61.075(5)(a), 61.076(1), Fla. Stat. (1993).

More compelling, by the time the trial court entered the original QDRO, the Florida Supreme Court had rejected the "deferred division of benefits" calculation adopted in *DeLoach*. *Boyett v. Boyett*, 703 So. 2d 451, 452 (Fla. 1997). In disapproving *DeLoach*, the supreme court held:

> [T]he valuation of a vested retirement plan is not to include any contributions made after the original judgment of dissolution. We believe that this gives effect to the statutory definition of marital assets in section 61.075(5)(a), Florida Statutes (1993), and to section 61.076(1), Florida Statutes (1993).

*Id.* (footnote omitted).

Accordingly, the trial court erred in reaching its conclusion that Former Wife was entitled to the benefit of Former Husband's wage and other increases earned after November 1994, as well as survivor benefits. Therefore, we reverse the trial court's order denying Former Husband's motion for relief and remand for entry of an amended QDRO consistent with this opinion. Also, we reject without further discussion the Former Wife's argument that default federal regulations on the valuation of pension benefits control over the MSA and Florida law.

*Reversed and remanded.*

GROSS and CONNER, JJ., concur.

*　　　*　　　*

**Not final until disposition of timely filed motion for rehearing.**

4