314 So.2d 13 (1975)
Doris R. AKINS, Appellant,
v.
Benjamin Franklin TAYLOR et al., Appellees.
Benjamin Franklin TAYLOR, Jr., et al., Appellants,
v.
Doris R. AKINS, Appellee.
Nos. U-37 and W-309.
District Court of Appeal of Florida, First District.
June 16, 1975.
Carlton L. Welch, Jacksonville, for appellant in U-37 and for appellee in W-309.
Roland E. Williams, Jr., Jacksonville, and Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee in U-37 and for appellant in W-309.
*14 PER CURIAM.
The appeals in the above cases have been consolidated by previous order of this court. Case No. U-37 is an appeal from final judgment entered upon a directed verdict in favor of appellees, Benjamin Franklin Taylor and Refrigerated Transport Company, defendants below, made at the conclusion of appellees' case in chief. The suit arose from an accident between a vehicle in which appellant was a passenger and a tractor-trailer vehicle. Appellant contends that it was an abuse of discretion for the trial court to deny appellant's motion to reopen its case to allow appellant to put in evidence appellees' answers to interrogatories which would identify the driver of the tractor-trailer involved in the accident and his occupation and would show that the tractor-trailer was being operated at the time under lease to appellee Refrigerated Transport Company. We agree. The identification of the driver and the lease were admitted by appellees in their answers to interrogatories and it was purely an oversight that appellant failed to put them in evidence. Law suits are no longer a cat and mouse game to such an extent that a party will be denied an opportunity to have a jury determine the justice of his cause on such a minor technicality.
In addition to the lack of identity of the driver and the lessee of the vehicle, the motion for directed verdict was grounded upon the alleged failure of appellant to prove a prima facie case of negligence against appellees. We have examined the record and find sufficient evidence of negligence on the part of the driver of the tractor-trailer that it was error for the trial court to take the case away from the jury although we realize the basis for the directed verdict may have only been appellant's failure to identify the driver of the tractor-trailer and the lessee of same. We, therefore, reverse Case No. U-37 and remand it for further proceedings consistent herewith.
The consolidated case, W-309, is an appeal from final judgment in favor of Doris R. Akins, appellee in this case and plaintiff below. This suit was brought against Benjamin Franklin Taylor, Jr., who was identified as the owner of the tractor-trailer unit, and his insurer. The driver of the vehicle was Benjamin Franklin Taylor, Sr. Appellants contend the court erred in denying their motion for directed verdict as to the affirmative defenses of estoppel by judgment and res judicata. This motion was predicated upon the final judgment in companion case No. U-37. Inasmuch as we are here reversing the final judgment in Case No. U-37, this point is moot.
We have considered the briefs and the record as to appellants' additional contentions and find them to be without merit.
Case No. W-309 is affirmed and Case No. U-37 is reversed and remanded.
RAWLS, C.J., and BOYER and McCORD, JJ., concur.