370 So.2d 25 (1979)
MIDLAND-GUARDIAN COMPANY, Appellant,
v.
T. Richard HAGIN, A.R. Adkins, and Lou Anna Brooker, Appellees.
No. 78-14.
District Court of Appeal of Florida, Second District.
March 7, 1979.
As Modified On Denial of Rehearing April 20, 1979.
*26 Paul B. Johnson, of Gregory, Cours, Paniello, Johnson, Hays & Hoft, Tampa, for appellant.
T. Richard Hagin, of Getzen & Hagin, Bushnell, for appellees.
SCHEB, Judge.
This case presents two issues for our determination. The first is whether the Uniform Commercial Code authorizes an assignee, who takes a note and retail installment contract "with recourse," to replevy a mobile home from one who holds legal title subject to the assignee's lien. The second question is whether the trial court abused its discretion in not allowing the plaintiff assignee to reopen its case after trial to introduce the note, retail installment contract, and assignment. We find that the Code does authorize replevin by such an assignee, and that under the circumstances the trial court abused its discretion in not allowing the plaintiff to reopen its case. We reverse.
In December 1971 appellee Adkins purchased a mobile home from Mustang Mobile Homes in Tampa, Florida. Adkins executed a promissory note in favor of Mustang in the amount of $6,882.96. The note was secured by a retail installment contract giving Mustang a security interest in the mobile home. Mustang assigned the note and retail installment contract to appellant Midland-Guardian "with recourse."
In January 1975 the mobile home was sold at public sale pursuant to § 85.031(3), Fla. Stat. (1973) for unpaid storage charges owed by Adkins to appellee Brooker. The mobile home was purchased by appellee Hagin, who took title subject to the lien in favor of Midland-Guardian.
Just before the public sale Adkins had defaulted on the note while still owing $3,336.62. Midland-Guardian made demand for payment upon all appellees, without success, shortly after the sale.
On May 30, 1975, Midland-Guardian filed its complaint against appellees for replevin of the mobile home. On June 6 the trial court entered its order to show cause pursuant to § 78.065, Fla. Stat. (1975). A hearing was held on the matter, and on September 30 the trial court entered its order denying Midland-Guardian's request for prejudgment replevin. The court held that Midland-Guardian was not entitled to replevin for two reasons. First, Hagin had title to the mobile home, and "one of the chief ingredients of `ownership' in the property is the right to its possession." Second, Midland-Guardian had "recourse back against" Mustang, and Mustang was liable as an unconditional endorser of Adkins' note. For this latter proposition the court quoted from 28 Fla.Jur. Replevin § 10 (1968 rev.):
Where an assignment of a conditional sales contract and notes conveys all right and interest in the chattels and goods therein described, the assignee may maintain an action in replevin against the *27 purchaser. But he may not maintain such an action where the assignment is not absolute and the assignor has retained an interest in the contract.
Since a mortgagee of personal property has no right of possession in the property, he may not maintain an action of replevin to recover its possession. Such a mortgagee's remedy is foreclosure of the mortgage. (Footnotes omitted.)
The court granted Midland-Guardian twenty days to "file such pleadings ... as they deem appropriate."
Midland-Guardian thereafter filed a second amended complaint again seeking replevin, or, alternatively, foreclosure of its lien on the mobile home. Prior to trial the court dismissed the claim for replevin.[1]
The cause went to trial on Midland-Guardian's foreclosure claim alone. After trial, but before judgment, Midland-Guardian asked to reopen its case in order to formally offer into evidence the note, retail installment contract, and assignment.[2] Midland-Guardian had neglected to introduce these documents at trial, though they were in the court file in connection with a pretrial motion. The court denied Midland-Guardian's request to reopen its case, and on September 14, 1977, entered judgment in favor of appellees. The judgment was predicated on the fact that Midland-Guardian did not "offer into evidence its alleged Promissory Note and Retail Installment Contract," and did not prove that "it was the owner and holder thereof at the time of the trial."

The Replevin Issue
Article 9 of the Uniform Commercial Code, found in § 679.101 et seq., Fla. Stat. (1975), deals with secured transactions. Section 679.102 provides:
(1) [T]his chapter applies so far as concerns any personal property and fixtures within the jurisdiction of this state:
(a) To any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper, accounts or contract rights; and also
(b) To any sale of accounts, contract rights or chattel paper.
(2) This chapter applies to security interests created by contract including pledge, assignment, chattel mortgage, chattel trust, trust deed, factor's lien, equipment trust, conditional sale, trust receipt, other lien or title retention contract and lease or consignment intended as security * *.
A perusal of the retail installment contract here involved shows that it was intended to create a security interest as defined in § 671.201(37). Further, a mobile home falls within the definition of "goods" found in § 679.105(f). Under § 679.503 a secured party has the right to possession of the collateral upon default by the debtor. If the secured party cannot obtain possession peacefully without judicial process, he has the right to seek replevin under Ch. 78, Fla. Stat. (1975).
As noted previously, the trial court denied replevin for two reasons. The first reason was that appellee Hagin held legal title to the mobile home. This cannot stand. Section 679.202 explicitly states, "Each provision of this chapter with regard to rights, obligations and remedies applies whether title to collateral is in the secured party or in the debtor." See also 4 R. Anderson, Uniform Commercial Code, § 9-202.3 at 141 (2d ed. 1971), where the author states, "The Code thus operates independently of whether the secured transaction *28 in question creates a lien in favor of the secured creditor or gives him title."
The trial court's second reason for denying replevin, i.e., that Midland-Guardian's assignment was with recourse, is also invalid. As mentioned previously, the trial court relied upon a quote from 28 Fla.Jur. Replevin § 10 (1968 rev.) for its holding in this regard. Yet footnote 15 of this same section warns:
The Uniform Commercial Code, effective in this state January 1, 1967, has modified the law in the area of conditional sales and chattel mortgages. In the area of replevin, care must be taken in determining the present applicability of the older authorities by comparison with the present UCC provisions... .
The provisions of Article 9 make no distinction between assignments made with recourse and those made without it. See §§ 679.318 and .405. In fact, such a distinction would do violence to the Code's philosophy of free assignability. See § 679.318; American Bank of Commerce v. McAlester, 555 P.2d 581 (Okl. 1976). Since a secured party has the right to replevin under § 679.503, an assignee of the security agreement must have the same right.
Though the trial court erred in denying replevin for the reasons stated in its order, we do not hold that Midland-Guardian is necessarily entitled to either prejudgment replevin or replevin after judgment. The hearings below were not recorded, and a reconstructed record is before this court. Unfortunately this reconstructed record is inadequate to allow us to determine if prejudgment replevin should have been granted, and the issue of replevin after judgment was not tried.

The Abuse of Discretion Issue
Midland-Guardian also contends that the trial court abused its discretion by not allowing it to reopen its case to introduce the note, retail installment contract, and assignment. In support of the trial court appellees cite Canada Dry Bottling Co. v. K.M.A., Inc., 349 So.2d 846 (Fla. 2d DCA 1977), where we held the circuit court, acting in its appellate capacity, erred in remanding a case to the county court to allow a plaintiff to introduce additional evidence to make its case. We think appellees' reliance upon Canada Dry is misplaced. Here the documents that Midland-Guardian sought to belatedly introduce were already in the court file, and copies had been attached to the complaints. Further, unlike Canada Dry, the plaintiff here sought to reopen the case before final judgment was entered. We think under these circumstances the trial court abused its discretion in not allowing Midland-Guardian to reopen its case. See Akins v. Taylor, 314 So.2d 13 (Fla. 1st DCA 1975).
Accordingly, we reverse the judgment in favor of appellees and remand this cause for further proceedings consistent with this opinion.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] The court did not state why it was dismissing the replevin claim. However, the record indicates that the trial judge determined that the pleading failed to state a cause of action for replevin. Our review of the pleading shows that it contains sufficient allegations to comply with Section 78.055, Florida Statutes (1975).
[2] It should be noted that the request by Midland-Guardian was made only after the trial judge furnished written notice to counsel that he was concerned about the effect of the plaintiff's failure to have offered such documents into evidence during the trial.