459 So.2d 433 (1984)
Frieda SOBEL and Philip Sobel, Her Husband, Appellants,
v.
JEFFERSON STORES, INC., Appellee.
No. 83-2836.
District Court of Appeal of Florida, Third District.
November 20, 1984.
Michael Lechtman, North Miami Beach, for appellants.
Carroll, Halberg & Meyerson and P.J. Carroll, Daniels & Hicks and Louise H. McMurray, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
After a mistrial was declared because of a hung jury in this slip-and-fall action, the trial judge granted a motion for directed verdict upon which ruling had been reserved on the astonishing ground that the plaintiffs had failed to affirmatively show that the defendant, Jefferson Stores, Inc., was liable for the negligent operation of the 163rd Street Jefferson's store where *434 the accident occurred. On two bases, we summarily reverse.
1. Although Jefferson Stores, Inc.'s answer contained a general denial[1] of all the allegations of the complaint, including the routine one that it operated the Jefferson's store in question, its defense of the case, which it conducted throughout discovery and at trial from opening statement to the end of the plaintiffs' case totally without reference to any claim that it was not the responsible entity  including producing as its corporate representative for deposition and trial the employee who was on the scene in the store when Mrs. Sobel fell  clearly waived and estopped it from asserting any such contention when it leaped from ambush with the claim of a failure of proof only after the plaintiffs had rested. Argenbright v. J.M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 895 (Fla. 1967); Holyoke Mutual Ins. Co. In Salem v. Concrete Equipment, Inc., 394 So.2d 193 (Fla. 3d DCA 1981), pet. for rev. denied, 402 So.2d 609 (Fla. 1981); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979). We had hoped that our prior expressions in these and many other cases were sufficient to sound the death-knell of the kind of prehistoric tactics employed and even permitted to succeed in this case. While we may have been wrong, this opinion will serve to remind the bar that we will not stop trying.
2. We also hold that the evidence proffered during the trial[2] and afterwards,[3] which the trial judge either in effect permitted the plaintiffs to reopen the case to present or abused his discretion if he did not, see Akins v. Taylor, 314 So.2d 13 (Fla. 1st DCA 1975), established as a matter of fact the otherwise hardly surprising conclusion that Jefferson [S]tores, Inc. was indeed the owner of the Jefferson's [s]tore where the plaintiff fell.
For these reasons, the judgment is reversed for a new trial on the issues of liability and damages.
Reversed.
NOTES
[1] We note, with emphasis which should speak for itself, that Fla.R.Civ.P. 1.110(c) provides in part:

When a pleader intends in good faith to deny only a part of an averment, he shall specify so much of it as is true and shall deny the remainder. Unless the pleader intends in good faith to controvert all of the averments of the preceding pleading, he may make his denials as specific denials of designated averments or he may generally deny all of the averments except such designated averments as he expressly admits, but when he does so intend to controvert all of its averments, including averments of the grounds upon which the court's jurisdiction depends, he may do so by general denial. [e.s.]
[2] This included a letter from Jefferson Stores, Inc., offering to pay Mrs. Sobel's medical bills, which was properly excluded from evidence as a settlement offer when tendered on the damages issue at a time no one knew or asserted that the identity of the corporation which sent it was relevant to any disputed issue.
[3] This included the Jefferson Store's listing in the phone book and its corporate documents as filed in the secretary of state's office.