PER CURIAM.
In the present circumstances, in which the errors in the complaint were or should have been known by the defense before, but were not called to the plaintiffs or the court’s attention until after the statute of limitations had run, and there was no other prejudice, the principles stated in Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979) and Sobel v. Jefferson Stores, Inc., 459 So.2d 433 (Fla. 3d DCA 1984), require the reversal of the orders of dismissal entered below with directions to permit amendments to the complaint to reflect the correct location of the accident and the name of the responsible party defendant, with the amendments deemed to relate back to the date of the filing of the original complaint. See Argenbright v. J.M. Fields Co., 196 So.2d 190, 194 (Fla. 3d *117 DCA), cert. denied, 201 So.2d 895 (Fla.1967).
Reversed and remanded with directions.