796 So.2d 1212 (2001)
Eugenio J. AMADOR, Appellant,
v.
Judith A. AMADOR, Appellee.
No. 3D01-1007.
District Court of Appeal of Florida, Third District.
October 10, 2001.
Guillermo F. Mascaro, Coral Gables; Sinclair, Louis, Heath, Nussbaum & Zavertnik and John Zavertnik, Miami, for appellant.
Steven N. Abramowitz, Miami, for appellee.
Before COPE, GREEN and SHEVIN, JJ.
SHEVIN, Judge.
Eugenio Amador, the former husband, appeals an order denying his motion for attorney's fees. We reverse.
The trial court ruled that the former husband was entitled to attorney's fees following successful motions to recover property from the former wife. At the fee hearing, after the close of evidence the former wife moved for a directed verdict based on the lack of evidence as to the former husband's fee agreement. In response, the former husband moved to reopen the case and to introduce evidence as to the agreement. The court denied the motion and granted the former wife's motion for directed verdict based on the former husband's failure "to prove all of the necessary elements to establish an amount for the award of attorney's fees[.]" On appeal, the former husband argues that the record contains evidence sufficient to preclude a directed verdict and that the court abused its discretion in denying his motion to reopen the case.
*1213 Assuming, arguendo, that the directed verdict was properly entered, the court abused its discretion in denying the motion to reopen the case to present evidence as to the agreement. See Camena Invs. & Prop. Mgmt. Corp. v. Cross, 791 So.2d 595 (Fla. 3d DCA 2001). "As a general rule, the trial court has broad discretion to allow a party to reopen its case and present additional evidence, whether it does so after a party rests, after the close of all evidence, or even after having directed a verdict for one party[.]" Silber v. Cn'R Indus. of Jacksonville, Inc., 526 So.2d 974, 978 (Fla. 1st DCA 1988). Here, granting the motion to reopen the case to introduce the limited evidence at issue would not have unfairly prejudiced the former wife and would have served the best interest of justice. See Hernandez v. Cacciamani Dev. Co., 698 So.2d 927 (Fla. 3d DCA 1997); Bieley v. Bieley, 398 So.2d 932 (Fla. 3d DCA 1981); Akins v. Taylor, 314 So.2d 13 (Fla. 1st DCA 1975). The former husband merely sought to prove that he had a retainer agreement with counsel for legal services thereby establishing "the true state of the facts by [presenting] additional evidence of existing facts inadvertently omitted." Silber, 526 So.2d at 978(emphasis omitted); Hernandez, 698 So.2d at 929; Bieley, 398 So.2d at 935; Akins, 314 So.2d at 14. Accordingly, we remand this cause for the court to admit evidence of the fee agreement, and to award fees and costs to the former husband.
Reversed and remanded.