EVANDER, J.
 

 Kimberly Grider-Garcia appeals a final judgment in favor of State Farm Mutual Automobile Insurance Company, entered after the trial court had granted State Farm’s motion for directed verdict at the conclusion of Grider-Garcia’s presentation of evidence. The deficiency in Grider-Garcia’s proof was her failure to introduce into evidence the insurance policy upon which she had based her claim. When this deficiency was brought to her attention during argument on State Farm’s motion, Grider-Garcia promptly sought to reopen her case to introduce the policy. The trial court denied Grider-Garcia’s request to reopen and granted the directed verdict. We conclude that the denial of the motion to reopen constituted an abuse of discretion.
 

 Grider-Garcia and her now former husband
 
 [1]
 
 filed a breach of contract action against State Farm. The complaint alleged that State Farm had issued an insurance policy on the plaintiffs’ Mazda Protege; that the vehicle had been stolen and subsequently destroyed; that the insurance policy provided coverage for such loss; and that State Farm had breached the insurance contract by refusing to pay the claimed loss. A copy of the insurance policy was attached to the complaint.
 

 In its answer, State Farm admitted that it had issued an automobile insurance policy to the plaintiffs and that such policy was in effect at the time of the claimed loss. However, State Farm denied that the loss was covered by the insurance policy, alleging, inter alia, that the “alleged loss in question was intentionally caused by or at the direction of the Plaintiffs or with their knowledge and acquiescence .... ”
 

 The case proceeded to jury trial. Betty Lucas, an employee of State Farm’s special investigative unit, was one of the witnesses called during Grider-Garcia’s case. She acknowledged that State Farm had issued an automobile insurance policy to the plaintiffs and that such policy was in effect at the time of the claimed loss. She further testified, without objection, as to the coverages provided by such policy.
 

 
 *849
 
 After Grider-Garcia rested, State Farm argued that it was entitled to a directed verdict because a breach of contract could not be shown without the actual contract being entered into evidence. In response, Grider-Garcia’s counsel argued that the insurance policy had been attached to the complaint. After the trial court correctly observed that attaching a document to the complaint did not place it in evidence, counsel argued:
 

 There has been no defense that there was no coverage in this case. I would ask then, in order to speed things along, I can certainly put Ms. Grider-Garcia on the stand, reopen my case and have the insurance policy entered into evidence if that would clean that up.
 

 The trial judge briefly took the matter under advisement and then, upon return to the courtroom, announced that State Farm’s motion would be granted ■ because of the failure to place the insurance policy into evidence. A second request to reopen the case, made immediately after the trial court’s pronouncement, was also unsuccessful.
 

 As a general rule, a trial court has broad discretion to allow a party to reopen its case and present additional evidence, whether it does so after a party rests, after the close of all evidence, or even after having directed a verdict for one party.
 
 Amador v. Amador,
 
 796 So.2d 1212, 1213 (Fla. 3d DCA 2001). In determining whether to permit a party to reopen his case, the court should consider (1) the timeliness of the request, (2) the character of the evidence sought to be introduced, (3) the effect of allowing the evidence to be admitted, and (4) the reasonableness of the excuse justifying the request to reopen.
 
 Register v. State,
 
 718 So.2d 350 (Fla. 5th DCA 1998). Here, all four factors strongly support Grider-Garcia’s argument. The request to reopen was made prior to the court’s ruling on the motion for directed verdict; the evidence sought to be introduced had apparently not been the subject of dispute during the course of litigation; State Farm would suffer no prejudice; and counsel’s belief that the policy attached to the complaint was a part of the evidence, while incorrect, was not unreasonable. Under these circumstances, the denial of the motion to reopen was an abuse of discretion.
 
 See Amador
 
 (trial court abused its discretion at attorney’s fees hearing where it denied motion to reopen case to present evidence of fee agreement where introduction of this limited evidence would not have unfairly prejudiced opposing party and would have served best interest of justice);
 
 Midland-Guardian Co. v. Hagin,
 
 370 So.2d 25 (Fla. 2d DCA 1979) (abuse of discretion to deny motion to reopen case to introduce note, reinstallment contract and assignment, where documents were already in court file and copies had been attached to complaint);
 
 Akins v. Taylor,
 
 314 So.2d 13 (Fla. 1st DCA 1975) (abuse of discretion to deny motion to reopen case to allow plaintiff to put in evidence defendants’ answers to interrogatories identifying driver of tractor-trailer which had been involved in accident with vehicle in which plaintiff had been passenger, and showing that tractor-trailer was being operated at time under lease to corporate defendant, where identification of driver and lease were admitted by defendants in answers to interrogatories and failure to have documents placed in evidence was purely an oversight).
 

 REVERSED and REMANDED FOR NEW TRIAL.
 
 [2]
 

 TORPY and LAWSON, JJ., concur.
 

 [1]
 

 . Grider-Garcia's former husband did not appear at trial and has not participated in this appeal. The record suggests that he had assigned his rights to the insurance proceeds, if any, to Grider-Garcia.
 

 [2]
 

 . Based on Grider-Garcia’s concession in her reply brief that her claimed damages were less than $15,000, the circuit court, after remand, should transfer this case to the county court.