IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAWNMARIE LOFTIS,

      Appellant,

 v.                                                                          Case No.  5D16-1428

DANIEL C. LOFTIS,

      Appellee.

_____/

Opinion filed January 13, 2017

Appeal from the Circuit Court
for Brevard County,
Nancy Maloney, Judge.

Jerald D. Stubbs, Merritt Island, for
Appellant.

Heather M. Kolinsky and Susan W.
Fox, of Fox & Loquasto, P.A., Orlando,
for Appellee.

COHEN, C.J.

      Dawnmarie Loftis ("Former Wife") appeals from a final judgment establishing a parenting plan, child support obligations, and other matters following the dissolution of her marriage to Daniel Loftis ("Former Husband"). She raises three issues on appeal, only one of which merits discussion. After the conclusion of the final hearing, but before entry of the final judgment, Former Wife filed a motion to reopen the case to receive new evidence. In support of her motion, she filed a termination notice from her employer along with an affidavit stating that she had received the notice. Former Wife claimed that her

unemployment would significantly change the considerations regarding child support in the final judgment.

Former Husband objected to the motion to reopen, arguing that because Former Wife was not simply seeking to correct an inadvertent evidentiary omission, reopening the evidence would have required significant additional discovery and proceedings.[1] Former Husband maintained that he would have been prejudiced by the granting of the motion and that Former Wife could seek relief by filing a petition for modification pursuant to section 61.14(1)(a), Florida Statutes (2015).

The trial court held two hearings on the motion, which was ultimately denied. Subsequently, the court entered a final judgment, which included the parenting plan. The plan provided two-thirds of the overnights with the children to Former Husband and one-third to Former Wife. Based on the child-support guidelines, the court ordered Former Wife to pay child support to Former Husband, utilizing Former Wife's pre-termination salary for purposes of calculating the support obligation. This appeal followed.

This Court reviews the denial of a motion to reopen a case for abuse of discretion. Grider-Garcia v. State Farm Mut. Auto., 73 So. 3d 847, 849 (Fla. 5th DCA 2011). The trial court has broad discretion to allow a party to reopen its case throughout all stages of the proceedings. Id. (citing Amador v. Amador, 796 So. 2d 1212, 1213 (Fla. 3d DCA 2001)). The trial court should consider whether granting a motion to reopen to present additional evidence would unfairly prejudice the opposing party and whether it would "serve the best

---

[1] For example, Former Husband argues that the circumstances surrounding Former Wife's termination were unclear, and further discovery would be necessary to determine whether her unemployment was voluntary, whether income should be imputed to Former Wife, and whether she had future employment prospects.

interests of justice." Robinson v. Weiland, 936 So. 2d 777, 781 (Fla. 5th DCA 2006). Factors to consider when deciding whether to reopen the evidence include: "(1) the timeliness of the request, (2) the character of the evidence sought to be introduced, (3) the effect of allowing the evidence to be admitted, and (4) the reasonableness of the excuse justifying the request to reopen." Grider-Garcia, 73 So. 3d at 849 (citing Register v. State, 718 So. 2d 350 (Fla. 5th DCA 1998)).

Most of the cases Former Wife relies on to support her motion to reopen involved inadvertent omissions of evidence. See Grider-Garcia, 73 So. 3d at 848 (plaintiff inadvertently omitted insurance contract from evidence, which was the basis for the claim); Amador, 796 So. 2d at 1213 (attorney's fee agreement inadvertently omitted by husband seeking fees in dissolution proceeding); Hernandez v. Cacciamani Dev. Co., 698 So. 2d 927, 929 (Fla. 3d DCA 1997) (denial of motion for rehearing to admit original note and assignment into evidence in suit to enforce promissory note). These cases are inapposite because the evidence of Former Wife's employment termination interjected an entirely new issue into this case rather than seeking to correct an inadvertent evidentiary oversight. See, e.g., Silber v. Cn'R Indus. of Jacksonville, Inc., 526 So. 2d 974, 978 (Fla. 1st DCA 1988) (distinguishing between granting motions to reopen when evidence is inadvertently omitted from cases where a party seeks "to reopen its case, change the evidence to alter the existing facts, and then adduce proof of the new facts as altered by using the evidence of such changes").

Nor does Byrne v. Byrne, 128 So. 3d 2 (Fla. 3d DCA 2012), support Former Wife's position. In Byrne, the wife's motion to reopen was not opposed by the husband, nor was there any discussion of prejudice. 128 So. 3d at 6. Here, Former Husband opposed the

3

motion, arguing that it would be prejudicial because it would require additional discovery and further delay the entry of final judgment.

We are not unsympathetic to Former Wife's position. The trial court delayed entering the final judgment for almost eleven months, and in the interim, Former Wife had a significant change in income. Still, the primary considerations in granting or denying a motion to reopen are whether reopening the case would unduly prejudice the opposing party and whether it will "serve the best interests of justice." See Robinson, 936 So. 2d at 781. In this case, granting Former Wife's motion would have effectively put the case back to square one, further delaying entry of a final judgment, allowing further discovery, and essentially requiring a new trial. While granting the request would have been well within the trial court's discretion, we cannot say that the trial court abused its discretion in denying the motion.[2]

AFFIRMED.

BERGER and WALLIS, JJ., concur.

---

[2] Former Wife was not, and is not, without an opportunity to seek relief. See § 61.14(1)(a), Fla. Stat. (providing equitable powers to retroactively modify a child-support order).