DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERESA N. LOVELASS** f/k/a **TERESA HUTCHINSON,**
Appellant,

v.

**CHRISTOPHER HUTCHINSON,**
Appellee.

No. 4D17-1905

[June 27, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher, Judge; L.T. Case No. 2016 DR 6120 FH.

John D. Boykin of Ciklin Lubitz & O'Connell, West Palm Beach, for appellant.

Robert D. Burgs of Robert D. Burgs, P.A., Plantation, for appellee.

LEVINE, J.

The wife appeals a final judgment of dissolution of marriage. She raises three issues: whether the trial court incorrectly valued the martial portion of the husband's pension, whether the trial court erred in not allowing her to reopen the evidence to place an exhibit into evidence relating to the husband's accrued vacation and sick leave, and finally whether the trial court erred in sua sponte eliminating the unequal distribution the trial court previously awarded to the wife. We find the trial court did not err in valuing the husband's pension by using a 2.5% multiplier rather than the 3% multiplier that would become effective only upon the husband accruing twenty years of service. However, it did err in not allowing the admission of the husband's accrued vacation and sick leave and in eliminating the unequal distribution award on the basis that it was not pled. Thus, we affirm on the first issue and reverse on the second and third issues.

The parties were married in 2003 and a petition for dissolution of marriage was filed in 2016. At the time the petition was filed, the husband had been working for as a fireman for the City of Delray Beach for sixteen years. As a fireman, the husband received a pension that accrued from the beginning of his employment at a rate of 2.5% per year worked. The

husband intended to work for twenty-five years as a fireman for the city. When the husband reached twenty years of service, the annual rate for the computation of retirement benefits would increase to 3% per year, and this higher multiplier would apply from the beginning of service. Nevertheless, at the time of filing, the husband had accrued only the multiplier of 2.5% per year.

The only expert who testified at trial was the husband's expert, Timothy Voit. Using the 2.5% multiplier, Voit calculated that the gross monthly benefit accumulated in the pension plan during the marriage was $2,254.80, of which the wife was entitled to one-half or $1,127.40. Voit used the 2.5% multiplier because his calculation was based on the amount of benefit that accrued as of the date of filing of the petition and did not take the husband's post-marital efforts into consideration.

The parties returned a week and a half after the close of evidence for closing arguments. At that time, the wife sought to reopen trial to introduce an exhibit reflecting the husband's accrued vacation and sick leave. The husband had not disclosed his accrued vacation and sick leave on his financial affidavits. The trial court declined to reopen trial and declined to admit any further evidence.

The trial court entered a final judgment of dissolution of marriage and later entered an amended and second amended judgment. The second amended judgment found that the wife was entitled to $1,127.40 per month for the husband's pension. Although the original final judgment of dissolution of marriage awarded an unequal distribution of marital assets in favor of the wife, the second amended judgment awarded an equal distribution, stating that the trial court was unable to award an unequal distribution because an unequal distribution was not pled. From this judgment, the wife appeals.

As to the first issue, we review de novo the determination of assets being either marital or non-marital, *see Witt-Bahls v. Bahls*, 193 So. 3d 35, 37 (Fla. 4th DCA 2016), whereas the valuation of a marital asset is reviewed for competent substantial evidence, *see Jordan v. Jordan*, 127 So. 3d 794, 796 (Fla. 4th DCA 2013).

The wife argues that the trial court erred in valuing the husband's pension utilizing the 2.5% annual multiplier rather than the 3% multiplier that will apply once the husband reaches twenty years of service. The husband testified that he intended to work for twenty-five years.

The husband argues that the trial court correctly valued his pension.

He points to the fact that there is no penalty provision in his pension and that the trial court correctly valued the pension using the annual 2.5% multiplier at the time of filing with sixteen years of service.

Our analysis of this issue begins with the statute. Marital assets are defined by statute to include "[a]ssets acquired . . . during the marriage, individually by either spouse or jointly by them." § 61.075(6)(a)(1), Fla. Stat. (2016). Marital assets also include "[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs." *Id.*

"Two principal methods have evolved whereby courts distribute and divide pensions: the 'immediate offset' method and the 'deferred distribution' method." *Trant v. Trant*, 545 So. 2d 428, 429 (Fla. 2d DCA 1989) (citation omitted). Under the immediate offset method, one spouse receives the present value of his or her interest in the other spouse's pension either in cash or as an offset to the share of marital property. *Id.* Under the deferred distribution method,

> the court determines what the employee's benefit would be if he retired on the date of the final hearing without any early retirement penalty. The court then multiplies this dollar amount by the percentage to which the other spouse is entitled. This method yields a fixed dollar amount which the awarded spouse receives from each of the employee's pension payments after retirement. Although it prolongs contact between the parties and raises the possibility of enforcement problems, this approach equally distributes the risk of forfeiture between the parties.

*Id.*

Both parties cite to *Boyett v. Boyett*, 703 So. 2d 451 (Fla. 1997), as supporting their argument. Thus, *Boyett* is key to our analysis of this issue.

In *Boyett*, the issue was the value of the husband's retirement pension using the deferred distribution method. Under the terms of the plan, the husband would receive yearly benefits of 75% of his highest annual salaries. *Id.* at 451. He would incur a 2% penalty for each year he retired before the age of sixty-two. *Id.* at 453.

The Florida Supreme Court in *Boyett* stated that "the valuation of a

vested retirement plan is not to include any contributions made after the original judgment of dissolution." *Id.* at 452. The Florida Supreme Court also adopted the view that "it is more equitable for the valuation to be made excluding any penalty for early retirement." *Id.* at 453. Thus,

> [b]y valuing the retirement plan without penalty, the valuation recognizes that both parties are entitled to share in the benefits that have accrued during the marriage but which cannot be presently received without penalty. Both parties also get the benefit of the growth of that value simply because the payments are not received beginning at the time of dissolution.

*Id.* The court determined the "proper valuation to be the present value without penalty for early retirement because of the deferred distribution." *Id.*

Thus, the decision in the instant case turns on whether awarding 2.5% instead of 3% is a "penalty." We find that the application of a 2.5% multiplier instead of the 3% multiplier the husband could achieve after four years additional service is not a "penalty." Rather, the 3% is a bonus for the additional service the husband must perform in order to qualify for the enhanced retirement multiplier. This is consistent with the basic premise of *Boyett* that the "valuation of a vested retirement plan is not to include any contributions made after the original judgment of dissolution." *Id.* at 452. Clearly, in order to get the benefit of the enhanced multiplier, the husband needs to continue working during a period of time after the dissolution. Thus, we find the enhanced multiplier to be akin to a bonus for longevity in the husband's employment and unlike the penalty in *Boyett.*

Regarding the second issue, the wife contends that the trial court abused its discretion in refusing to reopen the trial to allow her to present evidence of accrued vacation and sick leave, which were not listed on the husband's financial affidavits. The denial of a motion to reopen a case is reviewed for abuse of discretion. *Loftis v. Loftis*, 208 So. 3d 824, 826 (Fla. 5th DCA 2017).

In deciding whether to grant a motion to reopen to present additional evidence, a trial court should consider whether granting the motion "would unfairly prejudice the opposing party and whether it would 'serve the best interests of justice.'" *Id.* (citation omitted). Factors to consider in deciding whether to reopen a case include: "(1) the timeliness of the request, (2) the character of the evidence sought to be introduced, (3) the effect of allowing

the evidence to be admitted, and (4) the reasonableness of the excuse justifying the request to reopen." *Grider-Garcia v. State Farm Mut. Auto.*, 73 So. 3d 847, 849 (Fla. 5th DCA 2011).

In this case, the interests of justice favored reopening the case to allow the wife to introduce the exhibit into evidence. Although the husband was required to report any possible assets including accrued vacation and sick leave, he left this section of his financial affidavits blank. *See* Fla. Family Law Form 12.902(c); *Dye v. Dye*, 17 So. 3d 1278, 1281 (Fla. 2d DCA 2009). Because of the husband's non-disclosure of these potential assets, the wife did not learn of their existence until after the close of the evidence. The husband cannot claim that he would be unfairly prejudiced by reopening the evidence when his own non-disclosure caused the wife's delay in seeking to introduce this exhibit.

In her last issue, the wife asserts that the trial court erred in sua sponte eliminating the unequal distribution it previously awarded to her on the basis that unequal distribution was not pled. A trial court's equitable distribution is generally reviewed for abuse of discretion, but is reviewed de novo to the extent the issue on appeal concerns a pure question of law. *Mathers v. Brown*, 21 So. 3d 834, 837 (Fla. 4th DCA 2009).

The wife is correct that the trial court incorrectly found that it was unable to grant an unequal distribution because it was not pled. In *David v. David*, 58 So. 3d 336, 338 (Fla. 5th DCA 2011), the court rejected the claim that the trial court "lacked the jurisdiction" to enter an unequal distribution of the parties' assets and liabilities because the wife did not plead for unequal distribution in her counter-petition. The *David* court noted that section 61.075(1) "expressly authorizes trial courts to enter an unequal distribution of marital assets and liabilities based upon relevant factors." *Id.* As such, we reverse for the trial court to reconsider the distribution award in light of *David*.

In sum, we affirm issue 1 and reverse issues 2 and 3 for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

WARNER and TAYLOR, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**