NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KATHERINE J. DUHAMEL,            )
                                 )
        Appellant,               )
                                 )
v.                               )    Case Nos. 2D18-4020
                                 )              2D19-94
GERALD E. DUHAMEL,               )
                                 )
        Appellee.                )    CONSOLIDATED
_____  )

Opinion filed September 25, 2020.

Appeals from the Circuit Court for Pasco
County; Alicia Polk, Judge.

Jessie L. Harrell of The Harrell Firm,
Jacksonville, for Appellant.

Mindi B. Lasley of Mindi Lasley, P.A.,
Tampa, for Appellee.


MORRIS, Judge.

        In these consolidated cases, Katherine J. Duhamel (the former wife)

appeals an amended final judgment dissolving her long-term marriage to Gerald E.

Duhamel (the former husband) as well as an order denying her motion to set aside final

judgment.  The former wife raises several points on appeal; we find merit in her

argument that the trial court erred in denying her motion to reopen her case, and we

reverse the amended final judgment of dissolution.

I. Facts

The parties were married in 1986. They had three children during the marriage, who had all reached the age of majority prior to the filing of the dissolution action. During the marriage, the former husband was the sole income earner as a professor of veterinary medicine. The former wife was a homemaker, caring for the parties' three children. The parties resided in Nebraska for most of the marriage, but in 2007, the former husband accepted employment with Cornell University and moved to New York. In 2009, the former wife moved with the children to Florida for the youngest child to attend a private tennis school. Since then, the parties have lived separately. In 2015, the former wife filed a petition for dissolution and the former husband filed a counter-petition. In the dissolution proceedings, the former wife sought permanent alimony; the former husband stipulated that she was entitled to permanent alimony, but the parties disputed the amount. The parties disputed each other's monthly expenses and income, as well as the assets to be awarded in equitable distribution.

Although the former wife had been represented by various counsel throughout the dissolution proceedings, she proceeded pro se at the final hearing in June and July of 2018. The former wife presented the testimony of two of the parties' sons, and she herself testified. She tried to introduce into evidence documents that she had received in discovery relating to the former husband, but after the former husband's counsel objected, the trial court told the former wife that such documents would "have to come in through the husband." The former husband's counsel stated that she (counsel) might introduce them through the former husband during his case-in-chief, and the trial court told the former wife that she (the former wife) could cross-examine the former

husband on the documents. As a result, the former wife rested her case without calling the former husband to testify.

During the former husband's presentation of his case, the former wife tried to question one of his witnesses, but the former husband's counsel objected and the trial court stated that the former wife had not presented evidence of that matter. The former wife then asked to reopen her case. The former wife argued that she had asked to put certain documents into evidence, that she was told to enter the evidence through the former husband's testimony, and that she thought she could enter the evidence when the former husband was questioned. She stated: "I rested my case thinking [former husband's counsel was] going to ask him questions . . . . I've been told to wait until--and to enter it through him." The trial court said, "And you didn't call him as a witness." The former wife said, "So that's exactly the basis why I want to reopen my case, to ask--to have the [former husband] testify." The former husband's counsel objected, and the trial court denied the former wife's request to reopen her case, stating that there was no legal reason to do so.

The former wife repeated her request to reopen her case on several occasions. On the third day of the hearing, the former wife pointed out that there were two hours left and she asked to reopen her case. The trial court denied her request: "You rested your case. I allowed you to call witnesses during your case-in-chief. You failed to call certain witnesses." When the former wife next asked to reopen her case, she presented authority regarding the standard for reopening a case. She argued that she had not understood the rules and that it would be unfair for the trial court to decide the case without all of the facts. The former husband's counsel argued that the former

husband would be prejudiced because he had taken off work and traveled to Florida for the hearing, had already spent four days down here, and had to spend money on attorney's fees. The trial court again denied the former wife's request to reopen her case. On the last day of the hearing, the former wife again repeated her request, and the trial court ruled that it would be extremely prejudicial to the former husband because he was going back to New York and that the hearing had already taken six days.

II. Analysis

"[T]he trial court has discretion to grant a motion to reopen a case for presentation of additional evidence after the parties have rested . . . ." Robinson v. Weiland, 936 So. 2d 777, 781 (Fla. 5th DCA 2006). "Factors the trial court should consider in determining whether to reopen the case to allow presentation of additional evidence include whether the opposing party will be unfairly prejudiced and whether it will serve the best interests of justice." Id. (citations omitted). A trial court should also consider "(1) the timeliness of the request, (2) the character of the evidence sought to be introduced, (3) the effect of allowing the evidence to be admitted, and (4) the reasonableness of the excuse justifying the request to reopen." Lovelass v. Hutchinson, 250 So. 3d 701, 705 (Fla. 4th DCA 2018) (quoting Grider–Garcia v. State Farm Mut. Auto., 73 So. 3d 847, 849 (Fla. 5th DCA 2011)).

In considering the necessary factors, we conclude that the trial court abused its discretion in denying the former wife's request to reopen her case so that she could call the former husband as a witness and introduce evidence through him. While the evidence sought to be admitted may have been unfavorable to the former husband, there would have been no *unfair* prejudice to him. See Singer v. Singer, 45 Fla. L.

Weekly D1342 (Fla. 2d DCA June 3, 2020) ("Presumably, a movant seeking to reopen the evidence wishes to present evidence favorable to her. The flip side of the coin is that the evidence is necessarily detrimental to the opposing party. But, in assessing whether to reopen the case, the trial court must not ask whether the nonmovant is prejudiced, but whether he will be *unfairly* prejudiced by the additional evidence."). It should be noted that the former wife's case-in-chief had taken only two days to present, whereas the former husband's case-in-chief ended up taking three days to present. Providing the former wife with the same amount of time would not have unfairly prejudiced the former husband, especially in light of the fact that the parties were involved in lengthy and complicated dissolution proceedings after a twenty-eight-year marriage. As to the effect and character of the evidence, there is no dispute that the former husband was aware of the evidence that the former wife wished to admit through his testimony.

When the former wife was presenting her case-in-chief, the trial court directed her to a course of action by telling her that she could question the former husband. But the trial court did not sufficiently explain to the former wife that she would need to do so through direct examination of the former husband during her case-in-chief. Thus, the excuse justifying the former wife's request to reopen her case was reasonable. And her request was timely; as soon as she realized the problem, she requested to reopen her case. The evidentiary portion of the final hearing was not close to being concluded, and no final judgment had yet been entered. See Midland-Guardian Co. v. Hagin, 370 So. 2d 25, 28 (Fla. 2d DCA 1979) (holding that trial court abused its discretion in not allowing plaintiff to reopen its case, before final judgment

- 5 -

was entered, to introduce documents that were already attached to complaint); Hernandez v. Cacciamani Dev. Co., 698 So. 2d 927, 928-29 (Fla. 3d DCA 1997) (holding that trial court abused its discretion in not granting defendant's motion for rehearing, after a dismissal had been entered, to allow him to reopen his case to introduce documents).

In sum, the relevant factors and circumstances of this case lead us to the conclusion that the trial court abused its discretion in denying the former wife's request to reopen her case. Accordingly, we reverse the amended final judgment of dissolution and remand for further proceedings consistent with this opinion. Because further proceedings are necessary, the other issues raised by the former wife relating to the amended final judgment are moot. We dismiss the appeal in 2D19-94 as moot.[1]

ATKINSON, J., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE, Concur.

---

[1]The former wife does not raise any issues relating to the order on appeal in 2D19-94. In any event, the appeal is now moot.