DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MELISSA KLOPPE,**
Appellant,

v.

**OFF LEASE ONLY, INC.,**
Appellee.

No. 4D21-2951

[October 26, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 502017CA003354.

Roger D. Mason, II, and Autumn D. Carty of Roger D. Mason, II, P.A., Tampa, and Richard N. Asfar of Cotney Construction Law, LLP, Tampa, for appellant.

Ejola Christlieb Cook and Marissa X. Kaliman, North Lauderdale, for appellee.

MAY, J.

This case appears to be the victim of revised procedures implemented during the pandemic. The plaintiff appeals an order denying her motion for attorney's fees and costs after she prevailed in an arbitration proceeding. She argues, among other things, the trial court erred in awarding her $0 in fees and costs and in denying her request to continue, rehear, or reopen the evidentiary hearing to admit attorney time sheets and the retainer agreement. We agree the court erred in refusing to reopen the hearing and reverse.

The underlying facts are largely irrelevant to the issue on appeal and are only summarily recited here. The plaintiff purchased a vehicle and later disputed the vehicle's accident history and the defendant dealership's alleged concealment of that information. The matter proceeded to arbitration. The arbitrator found the defendant liable for violating the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and awarded

the plaintiff $2,800 in damages. The arbitrator also found the plaintiff was entitled to recover reasonable attorney's fees and costs.

The plaintiff moved to confirm the arbitration award and requested attorney's fees and costs. The court granted the motion, ordering the "[p]laintiff is entitled to recover her attorneys' fees and costs from [d]efendant in an amount to be determined at a later time."

The plaintiff moved to determine attorney's fees and costs and for a final judgment. She argued she was entitled to attorney's fees based on the arbitration agreement and the FDUTPA. The plaintiff's motion discussed the requisite factors to be considered, provided a lodestar calculation, and requested a multiplier. She requested $241,956.25 in attorney's fees and $1,801 in taxable costs.

Copies of the following were attached to the motion: (1) the itemized attorney time records; (2) an itemization of taxable costs; and (3) a declaration listing the hourly rates for each attorney and incurred costs. The plaintiff timely served the motion and its attachments in October 2020. The hearing was originally set for December 2020, but took place in August 2021.

In its amended response, the defendant filed a 72-page itemized reply to each of the plaintiff's time entries and a comprehensive analysis of the relevant factors to be considered in a lodestar calculation. It argued plaintiff's counsel should have settled this matter and ultimately prevailed on only two of multiple claims arbitrated. The defendant argued no multiplier should be applied because plaintiff's counsel never provided a copy of the full retainer agreement, which would have revealed whether plaintiff's counsel took the case on a contingency fee basis. The amended response did not address the amounts sought for costs.

The orders setting the December 2020 hearing advised:

> All materials and legal memoranda with case authority shall be delivered to Judge Howard K Coates, Jr. via CAD-DMSIONAN@PBCGOV.ORG **no later than seven** (7) **business days** in **advance of the hearing,** and all shall reference the date and time of the hearing. All counsel and parties of records must clearly mark exhibits and key language for the Court and for opposing counsel, and all cases and legal authorities shall be tabbed with pertinent sections highlighted.

The notice for the August 2021 hearing advised:

> 1. The Special Set Hearing on Plaintiff's Motion to Determine Amount of Attorneys' Fees and Costs set for June 29, 2021 at 10:00 am is cancelled and rescheduled to occur on August 16, 2021 at 9:00 a.m. for two hours.

> 2. The hearing shall be conducted remotely through Zoom.

Neither notice included instructions about uploading intended evidence into the portal. Six days before the hearing, plaintiff's counsel filed a heavily redacted version of the retainer agreement.

### *Hearing on Attorney's Fees and Costs*

At the hearing, defense counsel asked the court how it would like exhibits handled. The court replied: "we handle in the same way as we do in the Court. [Counsel is] required to provide copies to the Court and to the clerk and the clerk is to be provided all original copies of whatever are being entered into evidence." The court stated that the exhibits should have been uploaded to the evidence portal. Defense counsel commented: "I don't think either of [the parties' counsel] have done that."

Plaintiff's counsel asked defense counsel to agree that the previously filed exhibits could be used as evidence. Defense counsel declined. No exhibits were introduced into evidence. The court reminded plaintiff's counsel of this fact throughout the hearing and admonished counsel concerning the redactions in the retainer agreement.

Plaintiff's counsel testified about his experience and the fees incurred. He testified that of the 230.6 hours billed, 177.1 were spent on obtaining the arbitration award, and the attorneys worked 53.5 hours after the arbitrator's award.

The defense expert testified that he had reviewed the time records and opined that a total of 57.5 billable hours was "reasonable." He further opined that "the final billable amount that [he] thought was" reasonable was $14,073.

After the defense rested, the court asked if there had been a stipulation so it could consider the individual entries in the timesheets. Plaintiff's counsel indicated he understood the previously filed time sheets served as their submission. Defense counsel did not agree. The court indicated it would only consider "evidence" and not filings and requested each side to

submit a proposed order within ten days.

A few days after the hearing, plaintiff's counsel moved the court to continue the evidentiary hearing to submit the timesheets and additional documents into evidence. Plaintiff's counsel argued he had been under the impression that the court would not receive evidence during the Zoom hearing because the evidence had not been uploaded to the online portal. Defense counsel responded that plaintiff's counsel had failed to comply with the trial court's instructions, was known to sandbag opposing counsel by filing exhibits at the last minute, and the trial court had already denied his request for a continuance. The trial court denied the motion.

### *Final Judgment*

The court entered its final judgment. The order stated plaintiff's counsel "failed to demonstrate with any degree of specificity the individual time components that comprised the total time he testified was expended by each timekeeper." Further,

> [w]hile it appears that plaintiff's attorney . . . is a well experienced litigator who testified he has litigated over 900 of the same types of cases, it baffles the Court that the [p]laintiff's counsel proceeded with the attorney's fees hearing in the way he did by not providing the Court with any documentary evidence to support the substantial fee claim he is making.

The court noted its published divisional instructions specifically addressed the exchange and submission of evidence for special set hearings.

Because plaintiff's counsel did not present any evidence, the court could not make a "defensible reasonableness determination" of the hours worked on the case. The fee experts' opinions were not a "suitable substitute for the Court's conducting its own review" of the time sheets and entries. The trial court acknowledged the plaintiff was entitled to $2,800 in damages based on the arbitration award. But "while [p]laintiff is entitled to recover reasonable attorney's fees, based on the evidence submitted, the Court awards [p]laintiff $0.00 for reasonable attorney's fees." And "[w]hile the [p]laintiff is entitled to recover costs, based on the evidence submitted[,] the Court awards [p]laintiff costs in the amount of $0.00."

The plaintiff subsequently filed a motion for rehearing, which the court denied. The plaintiff now appeals.

4

### Analysis

An appellate court reviews a motion to reopen a case for abuse of discretion. *See Grider–Garcia v. State Farm Mut. Auto.*, 73 So. 3d 847, 849 (Fla. 5th DCA 2011).

Although the plaintiff did not file a motion to "reopen the case", we focus on the substance of a motion, rather than its title. *Mote Wellness & Rehab, Inc. v. State Farm Mut. Auto. Ins. Co.*, 331 So. 3d 191, 192 n.1 (Fla. 4th DCA 2021). Here, we treat the plaintiff's request for a continuance and motion for rehearing as a motion to reopen the case.

A trial court has broad discretion to allow a party to reopen a case. *Grider-Garcia*, 73 So. 3d at 849. In deciding whether to allow a party to reopen a case, a court should consider four factors: "(1) the timeliness of the request, (2) the character of the evidence sought to be introduced, (3) the effect of allowing the evidence to be admitted, and (4) the reasonableness of the excuse justifying the request to reopen." *Id.*

Here, the trial court erred in refusing to reopen the hearing. First, plaintiff's counsel verbally requested to continue the hearing before its conclusion and moved to rehear the case to introduce evidence shortly after the hearing. Second, plaintiff's counsel had filed the requisite time sheets and redacted retainer agreement ten months before the hearing. So, defense counsel knew what evidence plaintiff's counsel would rely upon. In fact, defense counsel had filed a lengthy and detailed response in opposition to the motion for fees and costs, and its expert had reviewed those documents in rendering an opinion.

Third, allowing the evidence would provide the requisite evidentiary support for the plaintiff's request. And fourth, plaintiff's counsel's excuse was his misunderstanding of the procedure to be employed during a pandemic Zoom evidentiary hearing based upon his prior experience in participating in such hearings.

While the court repeatedly warned plaintiff's counsel that the documents were not in evidence, plaintiff's counsel apparently failed to appreciate the gravity of these warnings. Plaintiff's counsel did, however, offer to provide the court with an unredacted retainer agreement during the hearing, which the court declined.

In *Grider-Garcia*, the appellant sued her auto insurer for breach of contract. *Id.* at 848. She argued the trial court abused its discretion in

refusing to reopen the case to admit the insurance policy into evidence. *Id.* The Fifth District agreed, explaining that when the trial court brought the deficiency to the appellant's attention, appellant promptly sought to reopen the case to introduce the policy. *See id.*

This case took place during a pandemic where court procedures departed from the norm. Plaintiff's counsel should have been aware of the trial court's instructions, but once it became apparent that plaintiff's counsel was not in compliance with those instructions, his only alternative was to ask for additional time to comply, which he did. The court had already ruled on the plaintiff's entitlement to fees and costs, but then refused to award them when plaintiff's counsel failed to appreciate the procedures required due to the pandemic.

Defense counsel, who had been provided with the necessary evidence months in advance of the hearing and had filed a detailed response, took advantage of the plaintiff's counsel's faux pas and refused to stipulate to what it already knew. In fact, the defense expert testified that $14,073 was a reasonable billable amount (accounting for the expert's compensable hours recalculation and the appropriate billing rate for each plaintiff's attorney).

The motion for costs already itemized the requested costs and were contained in plaintiff's counsel's declaration. We do note, however, that the itemized costs exceed the amount attested to by plaintiff's counsel. Costs should be limited to the lower amount attested to.

We reverse and remand the case to the trial court to permit plaintiff's counsel to reopen the case to formally admit the documents which he had previously filed along with an unredacted copy of the retainer agreement, and for the court to award appropriate fees and costs based on the transcript, without the necessity of another hearing.

*Reversed and Remanded.*

GERBER and FORST, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

6