DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DESTINY SYAMNE DOWERS,**
Appellant,

v.

**KEITH D. JOHNSON,**
Appellee.

No. 4D2024-0493

[July 31, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sara Alijewicz, Judge; L.T. Case No. 50-2021-DR-003978-XXXX-WB.

Scott E. Siverson of Siverson Law Firm PLLC, Winter Garden, for appellant.

No appearance for appellee.

WARNER, J.

Appellant Mother appeals a final judgment granting appellee Father's petition for paternity and child custody and denying her petition for relocation. We reverse, because several provisions of the final judgment are irreconcilable with the incorporated parenting plan.

In May 2021, the Father filed a verified petition for determination of paternity and related relief, seeking to establish paternity of the child and seeking shared parental responsibility with the Mother. The Mother filed an answer and counter-petition, which acknowledged the Father's paternity and also sought shared parental responsibility. When these petitions were filed, both parents lived in Palm Beach County.

Over a year later, the Mother unilaterally relocated with the child to Texas without court approval. The Father filed an ex parte emergency motion for return of the minor child or entry of a pick-up order. The trial court granted the motion and ordered the child returned to the Father in Florida, providing for a time-sharing schedule.

In response, the Mother moved for, and the trial court granted, leave to amend her counter-petition to seek relocation with the child to Texas. The Father answered the amended counter-petition, requesting the trial court deny the petition for relocation.

Then, in a second amended counter-petition, the Mother sought sole parental responsibility over the child and to relocate with the child to Texas, with the Father having a long-distance visitation schedule. The Father filed an answer in opposition to both requests. The trial court set the case for a final hearing to take place in November 2023.

After the hearing, the trial court issued a final judgment granting the Father's petition for paternity and child custody and denying the Mother's petition for relocation. The final judgment ordered that the child remain with the Father in Florida and the child have a long-distance relationship with the Mother set forth in the parenting plan. The final judgment noted the Father's testimony that the child was doing well in Florida with school and in her extracurricular activities.

However, the final judgment incorporated a parenting plan with several irreconcilable differences. First, while the final judgment denied the Mother's petition for relocation and found that relocation was not in the child's best interest, the parenting plan states that the child is relocating to Texas and uses the Mother's Texas address for school designation. Additionally, while the final judgment ordered that the child reside in Florida under the Father's primary care and that the Mother be a long-distance parent, the parenting plan grants the Mother "100% of weeknight overnight timesharing" and most weekends, overall granting the Mother 272 overnights per year while granting the Father 93 overnights. Finally, while the final judgment ordered the parents to communicate regarding the child only through Our Family Wizard, the parenting plan states that the parents shall communicate with each other through several methods.

The Mother filed a verified motion for rehearing regarding the inconsistencies between the final judgment and parenting plan. She also moved to reopen the case to introduce new evidence about the child's school performance. The new evidence was the child's diagnostic scores, which were reported after the hearing. The score report shows that the child was performing "well below grade level" in mathematics and reading. The Mother argued that rehearing was warranted because the Father had represented that the child was doing well in school, which the court seemed to have given weight. The trial court summarily denied the Mother's motion for rehearing. This appeal follows.

A parenting plan is reviewed for abuse of discretion. *Pope v. Langowski*, 115 So. 3d 1076, 1078 (Fla. 4th DCA 2013). Inconsistencies in the plan which are "pervasive or significant" constitute an abuse of discretion. *Id.*; *see also Clark v. Meizlik*, 289 So. 3d 983, 985 (Fla. 4th DCA 2020).

"[A]n internal inconsistency in a final judgment may warrant reversal and remand for clarification." *A.A. v. D.W.*, 326 So. 3d 1186, 1187 (Fla. 2d DCA 2021); *see also Torres v. Arias*, 356 So. 3d 257, 258 (Fla. 4th DCA 2023) (same). In *A.A.*, the Second District reversed and remanded for clarification where the final judgment awarded the mother majority timesharing and ultimate decision making regarding the child's healthcare, but the attached parenting plan provided for equal timesharing and shared responsibility for decisions regarding the child's healthcare. *A.A.*, 326 So. 3d at 1188; *see also Justice v. Justice*, 80 So. 3d 405, 407 (Fla. 1st DCA 2012) (reversing and remanding for clarification where the final judgment awarded appellant timesharing "every other Monday" pursuant to a temporary order, but then the judgment stated timesharing was ordered pursuant to an attached schedule which provided for timesharing every other weekend); *Couture v. Couture*, 313 So. 3d 1206, 1206 (Fla. 1st DCA 2021) (reversing and remanding for revised order where final judgment found it was in the child's best interests for the father to have majority timesharing, but the attached parenting plan granted the mother majority timesharing and only granted the father timesharing every other weekend).

In this case, the inconsistencies between the final judgment and the parenting plan are even more significant than those in the above cited cases. The final judgment denied the Mother's petition to relocate with the child to Texas, but the parenting plan provides that the child shall reside in Texas. The final judgment also required the parents to communicate solely by one method, yet the parenting plan allowed for multiple means of communication. These inconsistencies are severe and pervasive enough to warrant reversal, as it is unclear where and with whom the child is supposed to live, and how the parents may communicate. Reversal is required for the trial court to address these inconsistencies and enter an amended final judgment and parenting plan that are consistent.

In addition, because we are reversing, the trial court should consider the additional evidence that the Mother sought to present on motion for rehearing, as it met the test for reopening a case. *See Lovelass v. Hutchinson*, 250 So. 3d 701 (Fla. 4th DCA 2018) (quoting *Grider-Garcia v. State Farm Mut. Auto.*, 73 So. 3d 847, 849 (Fla. 5th DCA 2011)) ("Factors to consider in deciding whether to reopen a case include: '(1) the timeliness of the request, (2) the character of the evidence sought to be introduced,

(3) the effect of allowing the evidence to be admitted, and (4) the reasonableness of the excuse justifying the request to reopen.'").

The Mother sought to offer as new evidence a diagnostic report showing that the child is "well below grade level" in reading and mathematics. The diagnostic report states that the school administers the exam at the beginning, middle and end of each school year, with the subject report showing results from the middle of the year. The child took the exams on December 12 and 13, 2023, a month after the final hearing, and the report was generated on January 24, 2024, a day before the Mother filed her motion. Thus, the request was timely, and the Mother had a reasonable excuse in requesting to reopen the case, as this evidence was not available before the hearing was held or the final judgment was issued. The evidence pertains to the child's academic performance, which is pertinent to her best interests, especially as both parents seek to have her attend different schools in different states. The evidence contradicts the Father's testimony that the child was doing well in school under his supervision, upon which the court relied in determining that the child should remain with the Father in Palm Beach County. As the best interests of the child are the North Star for the court's judgment, the court should consider this evidence which was not available at the final hearing.

For the foregoing reasons, we reverse the final judgment and remand for the trial court to reconsider final judgment in light of the inconsistencies between the final judgment and the parenting plan and to take further evidence as is necessary to determine the best interests of the child.

*Reversed.*

GERBER and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

4